HARMON M. REYNOLDS, *et al.*, *caveators*, plaintiffs in error, *vs.* GEORGE F. BRISTOW & JOHN J. KENT, propounders.

Where a testatrix, who has no child or descendant of a child, at the time of her death, executed a will, bequeathing, and devising, a portion of her estate to charitable uses : *Held,* that under the laws of this State, the bequest, and devise, contained in the will was valid, although it was not executed ninety days before the death of the testatrix; that the restriction contained in the 2344 section of the Revised Code applies only to such testators as die leaving a wife, or child, or descendants of a child, who may devise one-third of their estate, or less portion thereof, to charitable uses; in *all cases* of that description, the will containing such devise, or bequest, must be executed at least ninety days before the death of the testator, or such devise, or bequest will be void.

*Caveat* to will. Decided by Judge WM. M. REESE. Taliaferro Superior Court. August Term, 1867.

On the 2d of March, 1867, Nancy Reynolds, of said County, widow, executed a will substantially as follows:

1st. To her nephew, Jabez M. Lacy, in trust for the sole and separate use of his little son, Charles P. Lacy, until his majority, her plantation in said county, (describing its location) all the mules, horses, cattle, hogs, plantation tools of every kind, provisions, provender, and all other property on said plantation at her death, the growing crop of that year, one bedstead and bedding, to be delivered to him at his majority, less such as may, before that time, have been expended for his support and education, and also her gold watch and chain, to be delivered to him when of proper age to use them. Should Charles P. Lacy die before his majority this property will pass to his father aforesaid, and his grandmother, Nancy Lacy.

2d. To her niece, Mary Frances Jourdan, a particular bedstead and bedding.

3d. To her sister, Mrs. Emily Jourdan, her wearing apparel and gold spectacles of her husband.

4th. To her sister, Mrs. Pheriba Pearce, her gold spectacles and mourning breast-pin.

5th. To her friend, Mary Kent, wife of Dr. John Kent, her buggy, harness, buggy-umbrella and cushions.

6th. She wished her brother-in-law, S. L. Jourdan, to remain at her house until the then coming Christmas, and to allow the hired freedmen also to stay there, and gather the crop according to contract.

Item 7th, was in these words: "After the payment of all my just debts and such just claims as may come against the estate of my said husband, and the expenses in settling up my estate, and for putting tombstones over the graves of myself and my said husband; I will and bequeath all the balance of my property, consisting of my house and lot, whereon I now live, about $600.00 in gold coin, and about $40.00 in silver coin, which I now have on hand, my two mules and three wagons now on my lot, all my notes, accounts, and other evidences of debts, all my household and kitchen furniture not herein otherwise disposed of, and every other kind

and species of property not herein otherwise disposed of belonging to or coming to me from the estate of my said husband, to my trusty friend, Rev. L. R. L. Jennings, in trust to turn over and deliver to the Baptist Convention of the State of Georgia, to be by said Convention used and expended in promoting and forwarding such benevolent objects and purposes, as in their judgment, it will do the most good."

By item 8th, George F. Bristow, said Jennings and said Dr. Kent, were nominated as her executors, with power to sell or dispose of any of the property covered by said 7th item, as they may think best either at private or public sale.

It was duly executed. It was propounded for proof, in solemn form, by said Bristow and Kent, and *caveated* by said Reynolds upon the grounds: 1st, That it was made when she was *in extremis* and laboring under a mental aberration as to her heirs at law. 2d, That by opiates, etc., her testamentary capacity was taken away. 3d, 4th and 6th, That the will was procured by fraudulent practices, etc.; and, 5th, "Because the seventh item in said paper propounded as to the last will and testament of said Nancy Reynolds, deceased, as aforesaid, is illegal, and therefore void, because the said paper purporting to be the will of the said deceased was not executed ninety days previous to the death of said Nancy Reynolds, in conformity to the requirements and provisions of the Code of the State of Georgia in such cases made and provided."

The ordinary admitted the will to record, and his judgment was appealed from. The witnesses to the will were Benj. B. Reid, J. I. C., John W. Darricott, Z. W. Farmer and Elizabeth Moore, all of whom were examined on the appeal trial.

DARRICOTT testified that he went with Farmer, on the invitation of Dr. Kent, to witness said will; that about midnight they and Judge Reid were invited into the room where testatrix was sick; Dr. Kent and his wife and Judge Bristow were then in the room; when they entered testatrix said that was her will, and that she wished us to witness it; she said it had been read over to her; she then signed (with

her mark) the will in the presence of the witnesses, and they witnessed it in presence of her and of each other; she seemed to be in her right mind, and to have executed the will freely and voluntarily; the will was executed about midnight on Saturday, and she died next day.    Many witnesses (*pro* and *con.*) were examined as to the condition, physical and mental, of testatrix at the time she made the will, and to show that before that time she had said she intended to dispose of her property differently, etc., but their testimony is not material, as the case turned purely on a question of law.

The paper was then read in evidence.

The Court charged the jury, among other things, that no part of said will was obnoxious to or violated the provisions of section 2388 of the Code of Georgia, it being admitted that the testatrix was a widow, and left no child or descendant of child.    Therefore, although she died within less than ninety days of the execution of her will, those clauses which contained devises to charitable uses were not void.

The jury found that said paper was said testator's will.

The case was argued in the Supreme Court alone upon the ground that said charge of the Court is erroneous.

FLOYD & REID, for plaintiff in error.

L. STEPHENS & TOOMBS, for defendant in error, cited New Code, sections 2436,2388; 17th Ga. R., 487–9; 9th do., 540; 5th do., 6; 7th do., 387–500; 19th do., 335; 21st do. 307; 29th do., 571.

WARNER, C. J.

The only question made before this Court for its consideration and judgment, is the validity of the seventh clause of the will of the testatrix, under the existing laws of this State.    That portion of the 7th clause of the will to which objection is made, relates to the bequest and devise of certain portions of her property and effects to "The Baptist Convention of the State of Georgia, to be by said Convention used and expended in promoting and forwarding such benev-

olent objects and purposes as, in their judgment, will do the most good." By the 2432 section of the Revised Code, it is declared that " A devise or bequest, to a charitable use, will be sustained and carried out in this State." By the 3100th section of the Revised Code, is is declared that " Provisions for religious instruction or worship among other enumerated objects, are proper matters of charity for the jurisdiction of equity." Thus it will be perceived that a bequest or devise of the character of that mentioned in the will of the testatrix for *charitable uses*, is not forbidden by the laws of this State, but on the contrary, is expressly authorized. It being *lawful*, therefore, for the testatrix, under the general law of the State, to make this bequest and devise of her property for charitable uses, let us now examine what *restrictions* have been placed by the legislature upon testators' general power to dispose of their property by will, to *charitable uses*. The restriction is to be found in the 2344th section of the Revised Code, which declares that " No person leaving a wife, or child, or descendants of child, shall by will, devise more than one-third of his estate to any charitable, religious, educational or civil institution, to the *exclusion of such wife or child*; and in *all cases*, the will containing such devise, shall be executed at least ninety days before the death of the testator, or such devise shall be void." It is intended that, inasmuch as this will was not executed *ninety days* before the death of the testatrix— that the devise to charitable uses contained in it, is void—that the words " in all cases," applies to every bequest and devise, made by any testator for *charitable uses* under the laws of this State—that the Court below erred in not so deciding in this case; and that is now *the* question to be decided here.

We have already shown that it is not unlawful, nor against the declared policy of the State for testators to devise their property to charitable uses; but that, in a particular and special enumerated class of cases, expressly named, a *restriction* is imposed upon their right and power to dispose of their property to charitable uses. What is the special enumerated class of cases to which this *restriction* is applicable? To that class of cases only in which the testator leaves *a wife or child,*

*or descendants of a child.* In this particular class of cases, the testator *is restricted.* He cannot, when he leaves a wife or child, or the descendants of a child, devise more than one-third of his estate to charitable uses, and in *all cases* of *that description,* whether he attempts to devise as much as one-third of his estate to charitable uses, or a less portion of his estate for that purpose, the will containing such devise, must be executed at least ninety days before the death of the testator, or such devise will be void, and the wife, or child, or descendants of such child, as the case may be, will inherit his estate. The obvious intention of the legislature was to prevent testators who had wives, or children, or descendants of children, having a just claim upon their bounty, from defeating those just claims; and therefore, in *all cases* of that character, whenever the attempt is made by a testator to devise *any portion of his estate to charitable uses,* to the exclusion of his wife, or child, or descendants of a child, from its enjoyment, then the will should be executed at least ninety days before his death. The object was to protect the testator's wife, children, and descendants of children, from any improper influences that might exercised over him when *in extremis,* thereby inducing him to devise any portion of his property to charitable uses, to *their prejudice,* and therefore, *in all cases,* when that was attempted to be done, the will must be executed ninety days before his death.

But suppose the testator had no wife, children, or descendants of children to be provided for, or to claim his bounty in their behalf, what reason is there why the will should be executed ninety days before his death? There is no restriction imposed upon him by law as to the right to devise his property to charitable uses, when there is no wife, or child, or descendants thereof; but on the contrary, it is lawful for him to do so. Where there is no wife, child, or descendants of a child to be provided for, the testator may make his will, bequeathing, or devising his property to charitable uses as in other cases, without any restriction as to the time of its execution. In *all cases,* however, when the testator has a wife, child, or the decendants of a child, and desires to bequeath or

devise one-third of his property, or less portion thereof to *charitable uses,* he must execute his will at least ninety days before his death, or such bequest or devise will be void.   The law does not look with any great degree of favor upon a bequest or devise of any part of a testator's property to charitable uses, to the *exclusion* of his wife and children, or descendants from its enjoyment, and therefore guards and protects their rights against any improper influence that might be exercised over the mind of the testator during his last moments, by requiring that wills of that character, *in all cases* should be executed at least ninety days before his death. The record in this case discloses the fact that the testatrix had *no children,* or *descendants of children,* who stood in need of the restraining clause of the Code for their protection; consequently, the bequest and devise in her will, to the " Baptist Convention of the State of Georgia" is legal and valid, although the same was not executed ninety days before her death.    Let the judgment of the Court below be affirmed.