KINE *vs.* BECKER *et al.*

82　563<br>f110　542

Where a testatrix devised her property to the Roman Catholic Bishop of Savannah in case of her daughter's death without issue or children, and died leaving this daughter surviving her, and the will was made within ninety days of her death, this item was void, under §2419 of the code.

April 8, 1889.

Wills.　Legacies.　Title.　Before Judge ADAMS. Chatham superior court.　March term, 1888.

This case arose by bill in equity for the partition of certain lands and tenements.　Mary Elizabeth Kine and Thomas A. Becker, Roman Catholic Bishop of Savannah, were parties defendant.　It appears, as determined by the court below, to which determination there is no exception made, that one fourth interest in the property belonged to Mary Elizabeth Kine as heir of her father, and another one fourth interest passed under the will of her mother, Ellen Kine, which contained the following item:

2d. "I give, devise and bequeath unto my beloved daughter, Mary Elizabeth Kine, all my undivided half-interest in the real and personal property of the estate of my late husband, Wm. Kine, and all other property owned (except lot 21 Currietown ward, and improvements, city of Savannah,) for and during the term of her natural life, and should my said daughter marry and have issue or children at her death, then in fee simple to said children, or if she should die leaving no children, then to whosoever may be the Roman Catholic Bishop of Savannah, in trust for the erection of a Roman Catholic hospital in the city of Savannah, and for no other use or purpose whatsoever."

This will was executed February 27th, 1875, and the testatrix died March 3d, of the same year, leaving a child, said Mary Elizabeth Kine, surviving her. The entire property as to which the bill was filed was sold under the direction of the court, and the proceeds brought into court for distribution. The validity of the devise in remainder in trust to the Roman Catholic Bishop of Savannah under the will, was submitted to the court to be determined on the final decree in the cause. The court held said devise to be valid, notwithstanding the death of the testatrix within ninety days after executing the will. Mary E. Kine excepted.

J. R. SAUSSY, for plaintiff in error.

GARRARD & MELDRIM and R. R. RICHARDS, *contra.*

SIMMONS, Justice.

The facts of this case will be found in the official report. The only question for us to decide is, whether that portion of the second item of Ellen Kine's will, giving her property to the Roman Catholic Bishop of Savannah in case of her daughter's death without issue or children, is void, under section 2419 of the code. That section provides that "no person leaving a . . child, or descendants of child, shall, by will, devise more than one third of his estate to any charitable, religious, educational or civil institution to the exclusion of such . . child ; and in all cases, the will containing such devise shall be executed at least ninety days before the death of the testator, or such devise shall be void." This will was made in less than ninety days before the death of the testatrix. The daughter was a single woman at the death of the mother. The question is, was she excluded from this property by the terms of

this item of the will? It was argued by counsel for the defendant in error that she was not excluded, because the will gave her a life estate in the property, remainder over to her children if she had any, and if she should die leaving no children, then to the church. It was argued that this was not an exclusion of the daughter from the enjoyment of the property, but simply a restriction of the title.

We cannot bring our minds to this conclusion. Under the law of Georgia, if Ellen Kine, the testatrix, had died intestate, her daughter Mary would have been entitled to an absolute or fee simple estate in this property. "An absolute or fee simple estate is one in which the owner is entitled to the entire property, with the unconditional power of disposition during his life, and descending to his heirs or legal representatives at his death intestate." Code; §2246. This will, therefore, deprives her of a fee simple estate in this property, and gives her only a life estate therein. She is deprived of or excluded from one of the main ingredients in the ownership of property—the absolute title thereof. She is excluded from another right, and that is the power of disposition. Under this will, she can only enjoy the income of the property for and during her life. She has no right to the ownership of it except for her life, nor to dispose of it, except her life estate in it. A bill having been filed for partition by the other tenant in common, and the property having been sold and converted into money under the decree of the court, it is doubtful whether she would be entitled even to the possession of the money now in the hands of the court. The court could require her to give a bond for its forthcoming at the time of her death, or could order it to be invested in real property if it should think proper to do so. And if the court should pass such an order, either

by requiring her to give bond or requiring the money to be invested in realty, she would only be entitled to the income. The mother having died leaving a child, and having made this will within ninety days before her death, bequeathing this property to a charity in the event of her daughter's death without issue or children, to the exclusion of the daughter, we think that part of the will is void, under section 2419 of the code.

Judgment reversed.