KELLEY *et al.,* trustees, *et al. v.* WELBORN *et al.*

1. A bequest in a will to be appropriated to the building of a church for a religious denomination is in substance a bequest to a religious institution.

2. Where a will was executed more than ninety days before the death of such a testator as is described in section 3277 of the Civil Code, and in one item thereof he undertook to bequeath to a religious institution more than one third of his estate, that item was void under that section, and can not be upheld as a lawful bequest of one third of the testator's estate.

Submitted March 14, — Decided April 10, 1900.

Appeal. Before Judge Gober. Forsyth superior court. February term, 1899.

A proceeding was instituted in the court of ordinary to set aside a judgment of that court admitting to record upon proof in common form the will of A. B. Welborn; the movants being his grandson Robert G. Welborn, and the widow and sole heir of the testator's son Harrison G. Welborn, and the ground of the proceeding being that, by the will, the testator had devised more than a third of his estate to a religious institution, to the exclusion of the movants. On appeal the case was submitted to the judge of the superior court upon an agreed statement of facts, which facts, so far as material, appear in the following opinion. Judgment was rendered declaring void the bequest made for the church at Cumming, and setting up the rest of the will. Defendants excepted.

*H. L. Patterson,* for plaintiffs in error.    *H. P. Bell,* contra.

COBB, J. A. B. Welborn died testate in 1896, leaving a wife, a child, and a grandchild. His entire estate, which was worth about $2,000, was disposed of in the following items of his will: "Item 3. I give, bequeath, and devise to my son Harrison G. Welborn, and my grandson Robert G. Welborn, five dollars each." "Item 4. I give, bequeath, to my beloved wife, Louvenia E. Welborn, my entire real estate, consisting of the plantation on which I now live and containing lots of land [described], free from all charge, to her own proper use and benefit and behoof during her natural life or widowhood, and at her

death or marriage, then I devise that all the estate and lands be sold and the proceeds applied to the building of a new church-house for the M. E. Church at Cumming, Ga., where my membership belongs. Said property to be turned over to the trustees of the church for that purpose. I also give to my wife, in the same manner and under the same restrictions, all of my personal property of all kinds." The will was executed in 1891.

1. Section 3277 of the Civil Code provides that "No person leaving a wife or child, or descendants of child, shall, by will, devise more than one third of his estate to any charitable, religious, educational, or civil institution, to the exclusion of such wife or child; and in all cases the will containing such devise shall be executed at least ninety days before the death of the testator, or such devise shall be void." The bequest in remainder contained in the 4th item of the will was certainly a bequest to a charitable use. Civil Code, § 4008; Bispham's Prin. Eq. §§ 119-124. This was conceded, but it was contended that it was not a bequest to a charitable or religious institution within the meaning of the section of the code above quoted; that the provision for the erection of a church building was not a gift to the institution itself. The language of the will is, that the property be sold "and the proceeds applied to the building of a new church-house for the M. E. Church at Cumming, Ga. . . Said property to be turned over to the trustees of the church for that purpose." Nothing can be clearer than that it was the intention of the testator that his entire property should be converted into money and turned over to the trustees of the church, to be used by them in erecting a church building over which they would have absolute control, and in which neither his estate nor his heirs would have any interest whatever. If this is not a gift to the church or institution itself, it would be difficult to find language which would be appropriate in making a bequest to a religious institution to be used in erecting a house of worship.

2. The bequest being to a religious institution within the meaning of the section of the code above quoted, is it a lawful bequest? The effect of the will was to exclude the child and grandchild entirely from participation in the estate, except to

the extent of the insignificant legacies given to them in the third item. The effect upon the wife was to exclude her from a greater ownership in the property than a life-estate. In *Kine* v. *Becker,* 82 *Ga.* 563, it was held that a will devising to an only child the entire property of the testator during her natural life, and upon her death without issue, then over in trust for the erection of a Roman Catholic hospital, was an exclusion of the daughter, within the meaning of the law above quoted. Mr. Justice Simmons says in the opinion: " This will, therefore, deprives her of a fee-simple estate in this property, and gives her only a life-estate therein. She is deprived of or excluded from one of the main ingredients in the ownership of property — the absolute title thereof. She is excluded from another right, and that is the power of disposition. Under this will, she can only enjoy the income of the property for and during her life. She has no right to the ownership of it except for her life, nor to dispose of it, except her life-estate in it." It is clear, therefore, that the effect of the will is to exclude the wife from full participation in the property as an heir at law, and that as against the child and grandchild more than one third of the property is given to the church. Such being the case, the will can not pass the title into the church to the property in question.

It was contended, however, that the bequest could be upheld to the extent of one third of the testator's estate, as it was manifestly the intention of the testator that his property should be used for the purpose of building a church at Cumming, Ga. At the time he made the will the testator had the undoubted right, had he seen proper to do so, to have given one third of his entire property to the church either in fee or in remainder; but that is not his will, and it would be mere speculation to say what he would have done had he known that he had no authority to dispose of the whole of his property in this way. He might have desired to build a church which would be in the nature of a monument to him, and not have been willing to have erected a mere temporary structure or to have shared in the erection of a more expensive one. His will was that the church should have $2,000 with which to erect a house of worship; and to allow one third of this amount to be utilized for that purpose would be

doing something which the testator never contemplated, and of which he might have disapproved.

It was argued that the bequest might be upheld to the extent of one third of the property under the provisions of section 3338 of the Civil Code, which is as follows: "A devise or bequest to a charitable use will be sustained and carried out in this State; and in all cases where there is a general intention manifested by the testator to effect a certain purpose, and the particular mode in which he directs it to be done fails from any cause, [a] court of chancery may, by approximation, effectuate the purpose in a manner most similar to that indicated by the testator." That section is to be construed in connection with section 4007, which provides that "If the specific mode of execution be for any cause impossible, and the charitable intent be still manifest and definite, the court may, by approximation, give effect in a manner next most consonant with the specific mode prescribed." These two sections are nothing more nor less than a recognition of the equitable doctrine of cy pres. Under that doctrine, when a valid charitable bequest is incapable for some reason of execution in the exact manner provided by the testator, a court of equity will carry it into effect in such a way as will as nearly as possible effectuate the intention of the testator. This doctrine has no application whatever to a case where a charitable bequest fails entirely for the reason that it is in opposition to a well-settled rule of law. The bequest was void, and there was no error in so holding. *Judgment affirmed. All the Justices concurring.*