## COMMISSIONER OF INTERNAL REVENUE v. FIRST NAT. BANK OF ATLANTA et al.

### No. 8789.

Circuit Court of Appeals, Fifth Circuit.
March 8, 1939.

Arnold Raum and Sewall Key, Sp. Assts. to Atty Gen., James W. Morris, Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Frank T. Horner, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Henry P. Adair, of Jacksonville, Fla., and W. A. Sutherland, of Atlanta, Ga., for respondents.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Paul Hebert, a resident of Fulton County, Georgia, died November 28, 1932, leaving a will executed 89 days before his death, in which he purported to make definite, final, absolute, unconditional and irrevocable charitable bequests aggregating $34,148.74. By instrument dated December 6, 1932, the decedent's widow and only surviving child renounced all rights they might have under the Georgia statutes, to contest these bequests.

In computing the Federal estate tax these bequests were claimed as deductions under Sec. 303 of the 1926 Act.[1]

The Commissioner, taking the position that the Georgia Code[2] regulating the making of charitable bequests, and declaring void any devise made less than 90 days before the testator's death, nullified these bequests or at least, deprived them of that definiteness essential to deductibility, refused to allow them. The Board of Tax Appeals,[3] ruled otherwise.

The Commissioner, complaining of that ruling here, makes two points against it; (1) That the Georgia statutes, as construed by its courts, made the bequests not voidable, but void; and the will must be taken as not even containing them: (2) that if they are not void, but only voidable at the instance of those whose interest the statute protects, still their renunciation was essential to make the gifts final, absolute, unconditional and irrevocable, and they therefore must be regarded as gifts not by the testator, but by the survivors, whose privilege it was to claim or renounce them.

In support of his first point the Commissioner cites In re Estate of Janson, 3 B.T.A. 296.

In support of his second point he cites Knoernschild v. Com'r, 7 Cir., 97 F.2d 213; Humes v. U. S., 276 U.S. 487, 48 S.Ct. 347, 72 L.Ed. 667; Ithaca Trust Co. v. U. S., 279 U. S. 151, 49 S.Ct. 291, 73 L.Ed. 647; Davison v. Com'r, 2 Cir., 81 F.2d 16; Wesley Memorial Hospital v. Thomson, 164 Ga. 466, 139 S.E. 15; Kine v. Becker, 82 Ga. 563, 9 S.E. 828; Reynolds v. Bristow, 37 Ga. 283; Kelley v. Welborn, 110 Ga. 540, 35 S.E. 636; Trustees of University of Georgia v. Dermark, 141 Ga. 390, 81 S.E. 238.

The executors insist that neither of these points are well taken. In reply to the first point, they cite the Georgia cases, Reynolds v. Bristow, 37 Ga. 283; Monahan v. O'Byrne, 147 Ga. 633, 95 S.E. 210, holding that the provision of the statute is for the benefit of those referred to in it, and the order and judgment in First National Bank v. Paul O. Pigman and others, of the Fulton Superior Court of Fulton County, Georgia, adjudging that the assent and waiver of the persons entitled to object having been given, "the devises in question are valid, and the executors are directed to carry them out." c/f Blair v. Com'r, 300 U.S. 5, 57 S.Ct. 330, 81 L.

---

[1] Revenue Act of 1926, c. 27, 44 Stat. 9, 72:

"Sec. 303. For the purpose of the tax the value of the net estate shall be determined—

"(a) In the case of a resident, by deducting from the value of the gross estate—* * *

"(3) The amount of all bequests, legacies, devises, or transfers, to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual * * *." U.S.C. Title 26, § 412, 26 U.S. C.A. § 412(d).

[2] "Charitable devises.—No person leaving a wife or child, or descendants of child, shall, by will, devise more than one-third of his estate to any charitable, religious, educational, or civil institution, to the exclusion of such wife or child; and in all cases the will containing such devise must be executed at least 90 days before the death of the testator, or such devise shall be void." (Title 113-107, Ga. Code Ann.) Sec. 3851.

[3] 36 B.T.A. 491.

Ed. 465; Sharp v. Com'r, 303 U.S. 624, 58 S.Ct. 748, 82 L.Ed. 1087.

To the Commissioner's second point, they reply that the definiteness and certainty of bequests, required by the Federal statutes, is as to the intent of the testator as manifested by the terms of his will. It is not affected by the possibility of contest and defeat of the will, or of any provision in it. If read according to its terms, the bequests are definite, certain, unequivocal and final from the standpoint of the testator's desire and will, and unobjected to, they stand as valid as against those having right to contest or object to them, they stand also as valid and definite for the purposes of taxation. In support they cite Humphrey v. Millard, 2 Cir., 79 F.2d 107; Dimock v. Corwin, 2 Cir., 99 F.2d 799, 802; Mead v. Welch, 9 Cir., 95 F.2d 617; Smith v. Com'r, 1 Cir., 78 F.2d 897.

We are in agreement with these views. The Board was right.

The order is affirmed.