ROBBINS v. COMMISSIONER OF INTERNAL REVENUE.

No. 3527.

Circuit Court of Appeals, First Circuit.

May 2, 1940.

Claude R. Branch, of Boston, Mass. (Charles Ryan, of Boston, Mass., on the brief), for petitioner for review.

Warren F. Wattles, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Ellis N. Slack, Sp. Assts. to Atty. Gen., on the brief), for Commissioner.

Before MAGRUDER and MAHONEY, Circuit Judges, and PETERS, District Judge.

MAHONEY, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals which affirmed a determination by the Commissioner disallowing as a deduction the value of a bequest made by the decedent, Charles H. Allen, under his will to Amherst College, an educational institution.

The question is, does the deduction sought by the petitioner come within the limitations of Section 303(a)(3) of the Revenue Act of 1926? The statute is as follows:

Revenue Act of 1926, c. 27, 44 Stat. 9, as amended:

"Sec. 301. (a) In lieu of the tax imposed by Title III of the Revenue Act of 1924, a tax equal to the sum of the following percentages of the value of the net estate (determined as provided in section 303) is hereby imposed upon the transfer of the net estate of every decedent dying after the enactment of this act, whether a resident or nonresident of the United States; * * *." 26 U.S.C.A. Int.Rev. Acts page 225.

"Sec. 303. For the purpose of the tax the value of the net estate shall be determined—

"(a) In the case of a citizen or resident of the United States, by deducting from the value of the gross estate—
\* \* \* \* \* \*

"(3) The amount of all bequests, legacies, devises, or transfers, to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, * *." 26 U.S.C.A. Int.Rev.Acts page 232.

The facts have been stipulated and are not in dispute. They may be summarized as follows:

The petitioner is one of the duly appointed executors of the estate of Charles H. Allen, who died a resident of Massachusetts on April 20, 1934. By paragraph 12A of his will, the decedent left his residuary estate in trust, the trustees to invest and reinvest it and pay over the net income to decedent's daughter, Bertha Allen Logan, during her life. Bertha Allen Logan was given a power to appoint by her last will and testament to Amherst College up to, but not in excess of the sum of $250,000, from the principal of the trust fund. In the event that she should fail to exercise the power, the trustees were directed to pay $250,000 to Amherst College upon her death.

Amherst College is a corporation organized and operated exclusively for religious, scientific, literary, and educational purposes, no part of the net earnings of which enures to the benefit of any private stockholder or individual, and no substantial part of the activities of which is carrying on propaganda or otherwise attempting to influence legislation.

Decedent left surviving him two daughters, Bertha Allen Logan and Louise Allen Atkins, aged 62 and 59 years, respectively, at the time of his death.

Following decedent's death and prior to the probate of his will, a controversy arose between the devisees and legatees named in the will and the persons entitled to share in the estate had decedent died intestate, and objections to the probate of the will were filed. This controversy was compromised by an agreement of all interested parties, dated June 21, 1934. Among other things, this agreement provided that paragraph 12A of the will should be struck out

and a different provision substituted. The new paragraph directed that the income from the trust estate should be paid to Bertha Allen Logan for life and thereafter to Louise Allen Atkins for life. Upon the death of the survivor, Amherst College was to receive $250,000, or one-third of the fair market value of the principal of the trust fund at the date of the death of the survivor, whichever sum should be the lesser.

On June 25, 1934, the Probate Court of Middlesex County, Massachusetts, entered a decree probating decedent's will, issuing letters testamentary to the executors and directing them to administer the estate in accordance with the terms of the will and agreement of compromise. The last paragraph of the decree is

"Now, after a hearing, it appearing that all parties interested have consented to the allowance of the said instrument presented for probate as the last will of the deceased, it is hereby ordered and decreed that said instrument so presented for probate be proved and allowed as the last will of said deceased, that letters testamentary be issued to said petitioners, they being competent and suitable persons to be appointed to that trust, they first giving bond with sufficient sureties for the due performance of said trust, and that they be directed to administer the estate of said deceased in accordance with the terms of said will and said agreement of compromise."

The contention was made before the Board that the petitioner should be permitted to deduct from the gross estate the present value of the $250,000 gift to Amherst College subject to the two life estates or the present value of one-third the value of the corpus of the trust at the death of the survivor of the two life beneficiaries, whichever sum was found to be the lesser.

■ The argument of the petitioner is based upon the assumption that the tax liability is to be determined as of the date the will is admitted to probate and not as of the date of the decedent's death.

In Section 301 of the Revenue Act of 1926, it is recited that: "a tax * * * is hereby imposed upon the transfer of the net estate of every decedent dying after the enactment of this act, * * *".

The tax is not a succession tax but is one based on the transfer of the decedent's estate at his death. The net estate must be determined as of that date.

In Ithaca. Trust Company v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L. Ed. 647, the decedent gave his residuary estate to his wife for life, with remainder over to certain charities. The wife died shortly after the death of her husband, and the gift to charity was more valuable than it appeared at the date of the death of the testator. The court said at page 155 of 279. U.S., at page 291 of 49 S.Ct. 73 L.Ed. 647:

"The question is whether the amount of the diminution, that is, the length of the postponement, is to be determined by the event as it turned out, of the widow's death within six months, or by mortality tables showing the probabilities as they stood on the day when the testator died. The first impression is that it is absurd to resort to statistical probabilities when you know the fact. But this is due to inaccurate thinking. The estate so far as may be is settled as of the date of the testator's death. See Hooper v. Bradford, 178 Mass. 95, 97, 59 N.E. 678. The tax is on the act of the testator not on the receipt of property by the legatees. Young Men's Christian Association v. Davis, 264 U.S. 47, 50, 44 S. Ct. 291, 68 L.Ed. 558; Knowlton v. Moore, 178 U.S. 41, 49, 20 S.Ct. 747, 44 L.Ed. 969; and passim; New York Trust Co. v. Eisner, 256 U.S. 345, 348, 349, 41 S.Ct. 506, 65 L.Ed. 963, 16 A.L.R. 660; Edwards v. Slocum, 264 U.S. 61, 44 S.Ct. 293, 68 L. Ed. 564. Therefore the value of the thing to be taxed must be estimated as of the time when the act is done."

The testator made the bequests. Although the wife's death enhanced the value of the gift to charity, it was not considered by the court. The value was estimated by the "mortality. tables showing the probabilities as they stood on the day when the testator died".

The cases of Humphrey v. Millard, 2 Cir., 79 F.2d 107; Dimock v. Corwin, 2 Cir., 99 F.2d 799, and Commissioner of Internal Revenue v. First National Bank of Atlanta et al., 5 Cir., 102 F.2d 129, are relied upon by the petitioner as showing that supervening events were taken into consideration by the courts in allowing the deductions under the federal estate tax. But in these cases the waivers permitted the testator's gifts to charity to be completed. In each case the gift to charity was the exact gift which the testator sought to make.

In Humphrey v. Millard, supra, the testator in his will bequeathed more than one-half of his estate to charity. Under a New York state statute provision was made that the bequests to charity under certain conditions of more than one-half of the decedent's estate should be valid only to the extent of one-half and no more. The widow, who was the only person to be benefited by the statute, waived her rights thereunder. The New York courts construed this statute to mean that "only persons directly to be benefited may take advantage of it, and that devises and bequests exceeding one-half of the testator's estate are not void, but voidable." The Circuit Court of Appeals allowed the exact gift which the testator set forth in his will as a deduction for the purpose of computing the federal estate tax. The waiver by the widow removed all obstacles to the execution of the testator's gift to charity.

In Dimock v. Corwin, supra, and Commissioner of Internal Revenue v. First National Bank of Atlanta et al., supra, bequests to charity were made under the will of the decedent. Waivers were given which under the state law in each case made the gifts valid, and their value was deductible under the federal estate tax law.

In Edwards v. Slocum, 264 U.S. 61, 44 S.Ct. 293, 68 L.Ed. 564, the court said that: "it is a tax upon a transfer of his net estate by a decedent * * *. It comes into existence before and is independent of the receipt of the property by the legatee. It taxes, as Hansen, Death Duties, puts it in a passage cited in [Knowlton v. Moore] 178 U.S. 49, 20 S.Ct. [747], 751 [44 L.Ed. 969] .'not the interest to which some person succeeds on a death, but the interest which ceased by reason of the death.'"

In Young Men's Christian Association v. Davis, 264 U.S. 47, at page 50, 44 S.Ct. 291, at page 292, 68 L.Ed. 558, the court held that:

"What this law taxes is not the interest to which the legatees and devisees succeeded on death, but the interest which ceased by reason of the death. Knowlton v. Moore, 178 U.S. 41, 48, 49, 20 S.Ct. 747, 44 L.Ed. 969.

"Congress was thus looking at the subject from the standpoint of the testator and not from the immediate point of view of the beneficiaries. It was intending to favor gifts for altruistic objects, not by

specific exemption of those gifts but by encouraging testators to make such gifts. Congress was in reality dealing with the testator before his death. It said to him: 'If you will make such gifts, we will reduce your death duties and measure them, not by your whole estate, but by that amount, less what you give.'"

In Mississippi Valley Trust Co. v. Commissioner of Internal Revenue, 8 Cir., 72 F.2d 197, 199, it is stated that: "The meaning of this language is that the testator and he alone must provide for the charitable bequest. It means that the provision by the testator must be one that is definite in ascertainment and that is legally enforceable; it must possess the qualities of a definite command which will define the legal rights of all parties to the property intended to be affected."

In the light of these authorities the amount which Amherst College might have received under the will is lacking in definiteness and certainty as to the amount. Bertha Allen Logan could have fulfilled the requirements of her father's will by exercising the power of appointment to the extent of one cent or one dollar. At the time of the testator's death, the definiteness required under the authorities as to the amount which was to go to Amherst College did not exist.

As the court said in Davison v. Commissioner, 2 Cir., 81 F.2d 16, 17: "The bequests to charity, to be deductible under section 303 (a) (3) of the Revenue Act of 1926, must be reasonably certain at the time of the testator's death, and clearly they were not so in the present case."

Does the compromise agreement serve as a basis for the deduction? Under that agreement, Amherst College receives $250,000 or one-third of the principal of the trust fund, whichever is the lesser, upon the death of the survivor of Bertha Allen Logan and Louise Allen Atkins. However it may be urged that the amount which Amherst College is to receive under that agreement is definite and certain, it does not receive it through any act of the testator.

In the case of Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 158, 83 L.Ed. 119, 119 A.L.R. 410, an heir, who was a grandson of the decedent, contested the probate of the will, and as a result of a compromise agreement received a substantial amount.

The question was, was this taxable as income under Section 22 (b) (3) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev. Acts, page 487, exempting from the income tax "the value of property acquired by gift, bequest, devise, or inheritance". The Commissioner of Internal Revenue treated this amount as income and assessed a tax. A claim for refund was rejected and suit was brought against the Collector. The District Court, 20 F.Supp. 619, entered a summary judgment in favor of the petitioner and the Circuit Court of Appeals for the Second Circuit, 96 F.2d 141, 143, reversed this judgment and held that, under the Massachusetts rule "whether this property was received by way of inheritance * * [depended] upon the law of the jurisdiction under which this taxpayer received it". And it further held that the rights of the parties so far as they rested upon the compromise agreement are contractual and not testamentary.

The Supreme Court reversed this decision on the ground that "The question as to the construction of the exemption in the federal statute is not determined by local law. * * * Undoubtedly the state law determines what persons are qualified to inherit property within the jurisdiction. * * * But when the contestant is an heir and a valid compromise agreement has been made and there is a distribution to the heir from the decedent's estate accordingly, the question whether what the heir has thus received has been 'acquired by inheritance' within the meaning of the federal statute necessarily is a federal question. It is not determined by local characterization."

It held that what the petitioner "got from the estate came to him because he was heir, the compromise serving to remove pro tanto the impediment to his inheritance" and that the exemption applied.

It may be that, by the reasoning of Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410, whatever is received by Amherst under the compromise agreement would be considered as "acquired by * * * bequest" within the meaning of Section 22 (b) (3), and thus exempt from income taxation. The fact that Amherst was named as a contingent legatee in the testator's will gave it a standing to participate in the compromise agreement. Perhaps "acquired by * * * bequest" in Section 22(b) (3) may be read to mean acquired as a proximate result of the bequest to Amherst in the testator's

will. It would not follow from this, however, that the gift which Amherst received under the compromise agreement should itself be regarded as the gift of the testator and a "bequest" within the meaning of Section 303(a) (3). The purposes of the two sections of the Revenue Act are not identical. As we have pointed out, the estate tax is based upon the value of the interest which ceased at the time of the testator's death. "Congress was thus looking at the subject from the standpoint of the testator and not from the immediate point of view of the beneficiaries." Young Men's Christian Association v. Davis, 264 U.S. 47, 50, 44 S.Ct. 291, 292, 68 L.Ed. 558.

In Smith v. Commissioner, 1 Cir., 78 F.2d 897, 898, the decedent disposed of his estate by will but left nothing to charity. Objection was made to the probate of the will and under a compromise agreement certain gifts to charities were written in. The question was whether the amounts paid to the charities were deductible in computing the federal estate tax. Under the Rhode Island statute the will as modified by the compromise agreement was admitted to probate as the decedent's will. This court held that "On matters of this sort the federal courts are bound by the state law" and that the gifts to the charities were deductible. The fact is that the testator never made any bequests to charity. According to Lyeth v. Hoey, supra, whether the amounts received by the charities under the compromise agreement are "bequests" within the meaning of Section 303 (a) (3) of the Revenue Act of 1926, is a question of federal law. The decision in Smith v. Commissioner, supra, allowing the deductions to charities, was rendered by this court prior to the opinion of the Supreme Court of the United States in Lyeth v. Hoey, supra. It is inconsistent with the reasoning in that opinion and must be overruled.

Hence, it is clear that whatever rights Amherst College has now come to it through the compromise agreement and not under the will of the testator. The compromise agreement is not the will of the testator. Obviously, to allow a deduction of the gift of $250,000 to Amherst College, or one-third of the principal of the trust fund, whichever is the lesser upon the death of the survivor of Bertha Allen Logan and Louise Allen Atkins, is to allow a deduction not under the will of the testator

but under the compromise agreement. This would not be a transfer tax on the property of the decedent at the date of his death. It is not a deduction permissible under this statute.

The decision of the Board of Tax Appeals is affirmed.