**WATKINS et al. v. FLY, Collector of Internal Revenue.**

No. 10591.

Circuit Court of Appeals, Fifth Circuit.

June 4, 1943.

Rehearing Denied July 7, 1943.

Cecil F. Travis, Vardaman S. Dunn, and H. V. Watkins, Sr., all of Jackson, Miss., for appellants.

Muriel S. Paul, Sewall Key, and Newton K. Fox, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and Toxey Hall, U. S. Atty., and A. Y. Harper, Asst. U. S. Atty., both of Jackson, Miss., for appellee.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

On October 1, 1936, Richard H. Green, a resident of Jackson, Mississippi, died, leaving a will in which he made certain bequests not here involved, and also undertook to devise the residuum of his estate to his executors, as trustees, for a charitable purpose.

The question presented is whether or not the estate is entitled to a deduction in Federal estate taxes, under Section 303 (a) (3) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 234, of the value of the real estate attempted to be devised to charity where the State Constitution and Code provide that such a devise shall be null and void, and that the heirs at law shall take as though no testamentary disposition had been made, notwithstanding the fact that the heirs at law interposed no objections to the devise but executed a quit-claim deed to effectuate the purpose and intent thereof.

Section 303(a) (3) of the Revenue Act of 1926 provides for the deduction from the gross estate of "The amount of all bequests, legacies, devises, or transfers, * * * to a trustee or trustees, * * * but only if such contributions or gifts are to be used by such trustee or trustees, * * * exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals."

Section 269 of the Constitution of 1890 of the State of Mississippi provides: "Every devise or bequest of lands, tenements, or hereditaments, or any interest therein, of freehold or less than freehold, either present or future, vested or contingent, or of any money directed to be raised by the sale thereof, contained in any last will and testament, or codicil, or other testamentary writing, in favor of any religious or ecclesiastical corporation, sole or aggregate, or any religious or ec-clesiastical society, or to any religious denomination or association of persons, or to any person or body politic, in trust, either express or implied, secret or resulting, either for the use and benefit of such religious corporation, society, denomination, or association, or for the purpose of being given or appropriated to charitable uses or purposes, shall be null and void, and the heir at law shall take the same property so devised or bequeathed, as though no testamentary disposition had been made." [1]

A doubt having arisen as to the validity of the charitable devise, the heirs at law of the testator on the 4th of March, 1937, executed to the trustees a quit-claim deed for the real estate embraced in the devise to charity in order that the purpose and intent of the testator might be effectuated, notwithstanding the constitutional and statutory provisions under consideration.

Subsequent to the execution of the quit-claim deed, to-wit, on December 31, 1937, a return was filed, which included the value of the real estate embraced in the devise. The estate taxes on the real estate amounted to $9,931.66 and were paid. Thereafter a claim was made for refund and denied. Upon the rejection of the claim, suit was filed against the Collector of Internal Revenue to recover that portion of the estate taxes so paid, together with accrued interest. The theory of the right of recovery was that the prohibition in the Constitution against charitable devises was for the benefit of the heirs of the testator and was voidable at their option, and since the heirs had not interposed objection, but had executed a quit-claim deed in order to carry out the intention of the testator, the charitable devise, being voidable only, was lawful and deductible from the gross estate under Section 303 (a) (3) of the Revenue Act of 1926.

The District Court, in holding that the attempted devise was a complete nullity and that the taxes were properly laid and could not be recovered, said: "It (Sec. 269, Const. of Mississippi) not only says that such a devise shall be null and void (it will be noted that both words, 'null' and 'void', are used although practically synonymous) but in addition thereto it stated that the heir at law shall take the same property so devised and bequeathed as

---

[1] Section 3564 of the Mississippi Code of 1930, Annotated, Volume 1, is identical with the constitutional provision.

though no testamentary disposition had been made. It will be seen that from the language itself that the bequest is a complete nullity. Nothing can breathe life into it. It simply, in effect, is as though the testatrix had died intestate. Title to the property so devised vests immediately in the heirs of the deceased at the time of his death. The heirs can give it away if they desire and that is what happened in this case. The heirs have set up a trust which, of course, is very commendable in carrying out the wishes of their father, but no act of theirs can breathe life into the bequest."

We concur.

It is urged upon us that this Court, in the case of Commissioner of Internal Revenue v. First National Bank of Atlanta, 5 Cir., 102 F.2d 129, reached a different conclusion on a similar statute from Georgia.[2]

This Court followed the decisions of the Courts of Georgia which had construed the Georgia Statute to be voidable. We have been pointed to no reported case in Mississippi where the Courts of that State have construed the constitutional provision as voidable. It will be noted that there is considerable difference in the language of the Georgia Statute and the Mississippi Constitution. The latter not only provides that the devise shall be null and void but it provides that the heirs at law shall take the property as though no testamentary disposition had been made. It is difficult to see how plainer language could have been used. Under the Mississippi Constitution title to the property attempted to be devised to charity would vest immediately upon the death of the testator, and as to that property the situation would be as if the decedent had died intestate.

Certainly if the testator had died intestate as to the property in question it should be included in his gross estate for tax purposes.

The judgment of the Court below is affirmed.

On Petition for Rehearing.

PER CURIAM.

In their petition for rehearing the appellants say that the probate court necessarily held that the devise was invalidated. We do not think so; the quitclaim deed passed the title; this is the crux of our disagreement with counsel. Any question as to the validity of the devise was taken out of the case by the parties in the state court by the delivery and acceptance of the quitclaim deed.

 To call the deed a waiver does not help appellants. A waiver may be defined as the intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it.[1] When a constitutional provision is designed for the protection solely of the property rights of the citizen, it is competent for him to waive the protection and to consent to such action as would be invalid if taken against his will.[2] By such waiver the citizen relinquishes or refuses to accept only rights belonging to him. He cannot affect the rights of third parties that have accrued. For instance, if the grantors had incumbered the property before the delivery of the deed, the rights of third parties would not have been impaired thereby. In this case the tax claim accrued upon the death of the testator, and no subsequent act of the heirs could invalidate that claim.

 The United States was not a party to the probate proceedings, and there is no question of res judicata as to it. The rules-of-decision Act[3] of course applies, but the state court did not decide that the devise was merely voidable. We are following the state law in holding, in accordance with the Mississippi Constitution, that the devise was null and void and that the heirs took the property so devised as though no testamentary disposition had been made.[4]

The petition for rehearing should be denied.

Denied.

---

[2] Title 113-107, Ga.Code Annotated, Section 3851: "No person leaving a wife or child, or descendants of child, shall, by will, devise more than one-third of his estate to any charitable, religious, educational, or civil institution, to the exclusion of such wife or child; and in all cases the will containing such devise must be executed at least 90 days before the death of the testator, or such devise shall be void."

[1] Bennecke v. Conn. Mut. Life Ins. Co., 105 U.S. 355, 359, 26 L.Ed. 990.

[2] Cooley's Constitutional Limitations, 219.

[3] Revised Statutes, Sec. 721, 28 U.S.C. A. § 725.

[4] Sec. 269, Mississippi Constitution of 1890.