22154.   HOOD et al. v. FIRST NATIONAL BANK OF COLUMBUS et al.

ARGUED SEPTEMBER 10, 1963—DECIDED OCTOBER 10, 1963.

284

*Roberts & Thornton, Ray, Owens, Keil & Hirsch,* for plaintiffs in error.

*Hatcher, Stubbs, Land & Rothschild, A. J. Land, Foley, Chappell, Young, Hollis & Schloth, Howell Hollis, J. Willard Register,* contra.

DUCKWORTH, Chief Justice. ·The sole issue here is whether the devise of more than one-third of the estate to charity is

void. The testator left a wife and child, but the will was executed years before the death of the testator. A proper construction of *Code Ann.* § 113-107 will supply the answer. The relevant portion of that section is the first sentence which is, "No person leaving a wife or child, or descendants of child, shall, by will, devise more than one-third of his estate to any charitable, religious, educational, or civil institution, to the exclusion of such wife or child; and in all cases the will containing such devise shall be executed at least 90 days before the death of the testator, or such devise shall be void." The key word is "devise." The first portion of the sentence says "devise more than one-third of his estate to any charitable, religious, educational or civil institution." The second portion, which follows immediately, provides that: "and in all cases the will containing *such devise* shall be executed at least 90 days before the death of the testator, or *such devise* shall be void." There is one and only one devise in the entire sentence, and that is more than one-third of his estate to charity. The two expressions relating to the 90 days are "such devise" used twice. It is obvious that "such devise" as there used refers back to the only devise described in the sentence and means a devise of more than one-third to charity. When thus analyzed and construed it becomes perfectly clear that the only limitation placed upon the testamentary capacity by this sentence of the Code section is that if a testator leaving a wife, child or descendants of a child devises more than one-third of his estate to any charitable, religious, educational or civil institution, and his will is executed less than 90 days before his death, that devise is void. No limitation is put upon his capacity to devise less than a third of his estate to such institutions, and none is placed upon his capacity to devise more than one-third of his estate to the named institution except that it must be done more than 90 days before his death, else "such devise" is void.

What one might think of the moral duty of a testator to provide for his wife and children can not properly effect a construction of this section. The preceding Code section expressly authorizes a testator to give his entire estate to strangers, who might be his concubines, to the exclusion of his wife and chil-

dren. *Code* § 113-106. Therefore, in seeking a sound construction we must look, not to what we would prefer, but solely to what sayeth the law. The single objective of the law upon which this case must be decided is to insure that no wife or child or descendants of child shall lose their inheritance in more than one-third of the estate because of testator's infirmities near death, or the exertion of influence to bend his will while in his weakened condition during the period of 90 days before his death.

The futility of denying testamentary capacity to devise more than a third of the estate to charity at a time more than 90 days before his death is obvious when it is recognized that at such time he could execute a valid outright conveyance of one-third or all of his estate to charity. This demonstrates that the law seeks to protect both the testator and the wife and children during the 90 days preceding his death against his infirmities or outside influence. We therefore hold that the devise of more than one-third of the estate to charity by this testator who left a wife and child—the will having been executed more than 90 days before the death of the testator, in fact several years—is not void under *Code Ann.* § 113-107 and is valid.

In our efforts to construe *Code Ann.* § 113-107 we encountered *Kelley v. Welborn,* 110 Ga. 540 (35 SE 636), and *Trustees of the University of Georgia v. Denmark,* 141 Ga. 390 (81 SE 238), both holding that a devise of more than one-third of the estate by a will executed more than 90 days before the death of the testator was void. We thereupon requested counsel as provided in *Code* § 6-1611 to submit briefs on whether or not those decisions should be reviewed and overruled. All counsel filed briefs and we have carefully reviewed those decisions. It is apparent that in neither case did this court even mention the significance of the words "such devise" as they appear in connection with the 90 days portion. There was no attempt to say to what those words refer, and we feel sure that had such attempt been made it would have been held that they refer solely to "devise more than one-third of his estate to any charitable, religious, educational or civil institution" which appears immediately preceding in the same sentence. We therefore consider both decisions unsound and expressly overrule them.

*Reynolds v. Bristow & Kent,* 37 Ga. 283, did not involve a wife, child or descendants of child, therefore it did not involve *Code Ann.* § 113-107. *Kine v. Becker,* 82 Ga. 563 (9 SE 828), held that a devise to the Roman Catholic Bishop of Savannah where the testatrix left a daughter, and died within 90 days after executing the will, was void. It does not appear what portion of the estate was involved. In *Wesley Memorial Hospital v. Thomson,* 164 Ga. 466 (139 SE 15), a devise to charitable use was held to be void, the testator having a wife or child or descendant of child, and the will being executed less than 90 days before the death of the testator. There it does not appear that the charitable devise was more than one-third of the estate. To the extent that any one of the three cases just discussed held or implied that a devise of less than one-third of the estate to charity was void if the testator died within 90 days, they are unsound and are hereby overruled.

The trial court did not err in holding that the devise to charity as relates to the lands situated in the State of Alabama is valid, but it did err in holding that the same devise was, as to property of the estate located in Georgia, invalid, and as to that property an intestacy existed. To effectuate the rulings in the foregoing opinion, the judgment denying the motion for a new trial is affirmed with direction that the original judgment be modified to cause it to hold that the entire devise to charity is valid, both as to the property within as well as without this State.

*Judgment affirmed with direction. All the Justices concur.*