## 33026. BAKER v. CITIZENS & SOUTHERN NATIONAL BANK et al.

HILL, Justice.

Relying on Code § 113-107, the testator's widow attacked certain religious and educational devises in his will executed 13 months before his death. The superior court rejected her claims and upheld the validity of those devises based upon this court's interpretation of that Code section in *Hood v. First Nat. Bank of Columbus,* 219 Ga. 283 (133 SE2d 19) (1963).

The appellant widow urges that *Hood v. First Nat. Bank of Columbus,* supra, should be overruled. We have reviewed that unanimous 1963 decision as well as the unanimous decisions it overruled and the legislative history of this Mortmain Act first enacted in 1863. We have determined that the *Hood* decision should be reaffirmed. Many of the reasons for this decision are amply stated in the *Hood* opinion and need not be restated here.

*Judgment affirmed. All the Justices concur, except Jordan and Hall, JJ., who concur specially, and Nichols, C. J., who is disqualified.*

ARGUED JANUARY 9, 1978 — DECIDED JANUARY 19, 1978.

*Nicholson & De Pascale, Ernest De Pascale,* for appellant.

*H. T. Quillian, Jr., King & Spalding, John A. Wallace, Henry L. Bowden, Jr., Lewis, Hunnicutt, Taylor & Daniel, A. E. Daniel, III, J. Wayne Hadden,* for appellees.

JORDAN , Justice, concurring specially.

I seriously doubt that the construction given to Code § 113-107 by this court in *Hood v. First Nat. Bank of Columbus,* 219 Ga. 283 (133 SE2d 19) (1963), comports with the true intention of the General Assembly when this Code section was enacted into law. See the *Kelley* and *Denmark* cases overruled by *Hood* in which this court unanimously reached a different conclusion. Apparently the second portion of the Code section was added as an amendment to the first portion and as a result of this the exact meaning of the statute is ambiguous. However, the decision by this court in *Hood* was rendered some 15 years ago and the General Assembly has not deemed it appropriate to restate public policy in this regard.

HALL, Justice, concurring specially.

"The doctrine of stare decisis is usually interpreted to mean that the court should adhere to what it has previously decided and not disturb what is settled. It does not undercut the power of a court to overrule its previous decisions. On the contrary, it is a rule of policy tending to consistency and uniformity of decision and is not inflexible. The reason for the rule is more compelling in cases involving the interpretation of a statute. 'Once the court interprets the statute, "the interpretation . . . has become an integral part of the statute." Gulf C. & S.F.R. Co. v. Moser, 275 U. S. 133, 136 . . .; Winters v. New York, 333 U.S. 507 . . . This having been done, [over a long period of history] any subsequent "reinterpretation" would be no different in effect from a judicial alteration of language that the General Assembly itself placed in the statute. The principle is "particularly applicable where an amendment is presented to the legislature and . . . the statute is amended in other particulars." ' *Walker v. Walker,* 122 Ga. App. 545, 546 (177 SE2d 845) (1970)." *Mitchell v. State,* 239 Ga. 3, 6 (235 SE2d 509) (1977).

The statute at issue here was first enacted in 1863 and in my opinion was properly construed in *Reynolds v. Bristow,* 37 Ga. 283 (1867); *Kelley v. Welborn,* 110 Ga. 540 (35 SE 636) (1900); *Trustees of U. of Ga. v. Denmark,* 141 Ga. 390 (81 SE 238) (1913); and *Wesley Memorial Hosp. v. Thomson,* 164 Ga. 466 (139 SE 15) (1927). Almost one

hundred years later, this court reinterpreted the statute and found a new legislative intent. *Hood v. First Nat. Bank of Columbus,* 219 Ga. 283 (133 SE2d 19) (1963). In my opinion, the *Hood* decision violated the principle of stare decisis on the interpretation of statutes. However, a vote to overrule *Hood* today would be a vote to reinterpret the reinterpretation of a statute previously interpreted. In the name of judicial credibility, I vote to leave the *Hood* reinterpretation unmolested.