## MONAHAN *v.* O'BYRNE, administrator.

PER CURIAM. A will was executed on December 1, 1897. The testator died on March 12, 1907, and the will was probated in common form on April 10, 1907. A life-estate in his entire property was devised to his only daughter, with remainder over to his only son for life, if he sur-

vived the daughter, and then to certain charitable and religious institutions. The daughter was named as the executrix of the will. The son died in 1911, without wife or children, and the daughter died on Nov. 15, 1914, leaving neither husband nor children. There was no administration upon the estate of either. A grandniece of the testator, a second cousin of the daughter, filed an equitable petition in which she claimed a one-eighth interest in the estate of the daughter, and alleged that the will of the testator was void for the reason that he had devised more than one third of his estate to charitable and religious institutions to the exclusion of his children. She prayed, that the devise to the charitable and religious institutions be declared void; that it be decreed that the son and daughter of the testator inherited his estate, and that the same was the property of the daughter at the time of her death; and that petitioner recover one eighth thereof as heir and distributee of the daughter. The petition was brought against the administrator de bonis non cum testamento annexo, who qualified by giving bond on January 6, 1915. The court dismissed the petition on general demurrer, and plaintiff excepted. *Held:*

1. Section 3851 of the Civil Code of 1910, as follows: "No person leaving a wife or child, or descendants of child, shall, by will, devise more than one third of his estate to any charitable, religious, educational, or civil institution, to the exclusion of such wife or child; and in all cases the will containing such devise shall be executed at least ninety days before the death of the testator, or such devise shall be void," does not prohibit a devise for charitable uses. On the contrary, such devises are expressly authorized by the law, and are favored by the declared policy of the State. *Reynolds* v. *Bristow*, 37 *Ga.* 283, 287; Jones *v.* Habersham, 107 U. S. 174 (2 Sup. Ct. 336, 27 L. ed. 401); Civil Code (1910), §§ 3914, 4603-4605. It is the *exclusion* by a testator of those persons coming within the express terms of the statute which is prohibited. The prohibition is not made in the public interest, but only for the prevention of what the statute regards as a private wrong. Similar statutes have been so considered by the courts of other States. See Thomas *v.* Trustees, 70 O. St. 92 (70 N. E. 896); Folsom *v.* Trustees, 210 Ill. 404 (71 N. E. 384); Trustees etc. *v.* Ritch, 151 N. Y. 282 (45 N. E. 876, 37 L. R. A. 305).

2. The statute is a limitation on the testamentary power, and is to be strictly construed in favor of those persons named in the statute, and none other. The son and daughter, in the instant case, having failed or refused to claim the prohibition of the statute, collateral kin can not invoke it. The petition was properly dismissed on demurrer.

*Judgment affirmed. All the Justices concur, except*

GILBERT, J., dissenting. The devises to the children being for a qualified estate, the effect of the same was to operate to the exclusion of said devisees. *Kine* v. *Becker*, 82 *Ga.* 563 (9 S. E. 828). The will having undertaken to devise more than one third of the estate to charitable and religious purposes, to the exclusion of the children of the testator, the devise is void. Civil Code (1910), § 3851; *Kelly* v. *Wellborn*, 110 *Ga.* 540 (35 S. E. 636). The devise being void ab initio, its invalidity could

not be waived, nor could any act of the beneficiaries after the death of the testator give it validity. The plaintiff alleges such an interest as entitles her to contest the validity of the will.

No. 29.   FEBRUARY 15, 1918.

Equitable petition. Before Judge Hammond. Chatham superior court. December 6, 1916.

*George H. Richter* and *Edward S. Elliott,* for plaintiff.
*O'Byrne, Hartridge & Wright,* for defendant.