MILDRED KIENBUSCH AND CITY BANK FARMERS TRUST COMPANY, AS EXECUTORS OF THE LAST WILL AND TESTAMENT AND CODICIL THERETO, OF MABEL L. PRESSINGER, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 80550. Promulgated October 28, 1936.

*Roswell O. Fish, Esq.*, for the petitioner.
*Frank T. Horner, Esq.*, for the respondent.

OPINION.

BLACK: The respondent has determined a deficiency in estate tax against the estate of Mabel L. Pressinger, who died on August 3, 1933. Petitioners, who are the executors of decedent's last will and testament, assign one error, which is stated in their petition as follows:

In determining the taxable net estate of the decedent for tax purposes, the Commissioner erroneously included two-thirds of the corpus of a $50,000 irrevocable trust fund set up by the decedent on January 30, 1928, which said two-thirds interest amounts to the sum of $33,333.33, by reason of the fact that in accordance with the terms of the trust instrument setting up said fund, the decedent retained a life income from two-thirds of the principal thereof, which

the Commissioner asserts thereby makes two-thirds of the principal of said trust fund taxable under the provisions of section 302 (c) of the Revenue Act of 1926 as amended.

This proceeding has been submitted on the pleadings and a brief stipulation of facts, to which is attached a copy of the trust deed of January 30, 1928. These are a part of the record and no separate findings of fact are necessary.

A brief statement of the facts will suffice for the purpose of a discussion of the one issue which we are called upon to decide.

The decedent on January 30, 1928, as grantor, entered into an agreement with John D. Beals, one of her attorneys, as trustee, whereunder she paid, assigned, transferred, and set over unto the trustee the sum of $50,000 to invest and reinvest and to receive the income therefrom, and after paying all expenses in caring for said trust, to pay two-thirds of the net income thereof to the said grantor during the term of her natural life, and to pay the remaining one-third of the income thereof to Mildred Kienbusch, the daughter of the grantor, for and during the natural life of the grantor. If the said Mildred Kienbusch died during the lifetime of the grantor, then the entire net income was thereafter to be paid to the grantor during her lifetime.

Upon the death of the grantor, the trustee was to pay, transfer, and set over the principal of the trust outright and free from any trust to the daughter, Mildred Kienbusch, if she should be then living, and if she should not be living at the time of the death of the grantor, then the principal of the trust was to be distributed as the daughter by her last will and testament should appoint, any part thereof not so appointed to be distributed among the descendants of the daughter, then living, *per stirpes* and not *per capita*, or, failing such descendants, then as if the daughter had died the owner thereof and intestate, in accordance with the then laws of the State of New York. The deed of trust was by its terms irrevocable, the grantor reserving to herself no power whatsoever with respect to the revocation, alteration, modification, or change of the provisions of the trust instrument, and she retained no reversionary rights whatsoever therein as to the corpus. The trust was not executed in contemplation of death or to take effect in possession or enjoyment at or after decedent's death. Mildred Kienbusch survived the grantor and is one of the petitioners herein.

The trustee, John D. Beals, died on August 11, 1928, and Roswell O. Fish was appointed as substitute trustee and was duly acting as such at the time of decedent's death on August 3, 1933.

Respondent in his brief states the issue thus:

Where the decedent, subsequent to the effective date of the Revenue Act of 1916, transferred property in trust to pay two-thirds of the income to herself for life, and the remaining one-third to her daughter for the trustor's life, with

remainders over, is the value of two-thirds of the corpus of the trust subject to be included in the value of the decedent's gross estate, for the purpose of the tax, pursuant to the provisions of section 302 (c) of the Revenue Act of 1926, as a transfer intended to take effect in possession or enjoyment at or after the decedent's death?

Respondent in his brief does not contend that section 302 (c) of the Revenue Act of 1926, as amended by section 803 (a) of the Revenue Act of 1932, is applicable. As has been stated, the trust deed was executed January 30, 1928, and was by its terms irrevocable. The Revenue Act of 1932, which contains section 803 (a) amending section 302 (c) of the Revenue Act of 1926, became effective June 6, 1932. Decedent died August 3, 1933. Therefore it will be seen that the Revenue Act of 1932 was in effect at the time of decedent's death. However, Treasury Decision 4314, C. B. X–1, p. 450, was promulgated May 22, 1931. It reads in part as follows:

Section 302 (c) of the Revenue Act of 1926 was amended by a joint resolution (Pub. 131), approved 10:30 p. m., Washington, D. C., time, March 3, 1931, to read as follows (the portion added by the amendment is in italic):

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, *including a transfer under which the transferor has retained for his life or any period not ending before his death (1) the possession or enjoyment of, or the income from, the property or (2) the right to designate the persons who shall possess or enjoy the property or the income therefrom;* except in case of a bona fide sale for an adequate and full consideration in money or money's worth.

In view of the decisions of the Supreme Court of the United States in *Nichols* v. *Coolidge* (274 U. S., 531 (T. D. 4072, C. B. VI–2, 351)), *May* v. *Heiner* (281 U. S., 238 (Ct. D. 186, C. B. IX–1, 382)), *Coolidge* v. *Long* (282 U. S., 582), *Burnet* v. *Northern Trust Co.* (51 S. Ct., 342), *Edgar M. Morsman, jr.,* v. *Burnet* (51 S. Ct., 343) and *Cyrus H. McCormick* v. *Burnet* (51 St. Ct., 343), the portion added by the amendment to section 302 (c) of the Revenue Act of 1926, as set forth above in italic, will, notwithstanding the provisions of section 302 (h) of that Act, be applied *prospectively* only, i. e., to such transfers coming within the amendment as were made *after* 10:30 p. m., Washington, D. C., time, March 3, 1931.

Section 302 (c) of the Revenue Act of 1926 was further amended by section 803 (a) of the Revenue Act of 1932. The amendment carried in the 1932 Act preserved the essential features of the amendment of March 3, 1931, referred to in the above Treasury decision. Of course if the above quoted Treasury decision is an incorrect interpretation of the law, it should not be followed by the Board and the courts. However we think it is a correct interpretation of the law.

We do not think that section 302 (c) of the Revenue Act of 1926, as amended by section 803 (a) of the Revenue Act of 1932, should be applied to irrevocable trusts created prior to the effective date of the

Revenue Act of 1932. *Smith* v. *United States*, —— Fed. Supp. —— (Dist. Ct. Mass., Aug. 3, 1936) ; *Charles H. W. Foster et al., Executors*, 26 B. T. A. 708; petition for review dismissed, C. C. A., 1st Cir., March 20, 1933. Cf. *Bingham* v. *United States*, 296 U. S. 211; *Industrial Trust Co.* v. *United States*, 296 U. S. 220; *Helvering* v. *City Bank Farmers Trust Co.*, 296 U. S. 85; *Helvering* v. *Helmholz*, 296 U. S. 93; *Nichols* v. *Coolidge*, 274 U. S. 531.

So we think respondent is correct in making no contention that the amendment to section 302 (c) of the Revenue Act of 1926 contained in section 803 (a) of the Revenue Act of 1932 has any effect in the present proceeding.

Respondent does contend however that two-thirds of the value of the property conveyed by the trust deed of January 30, 1928, should be included as a part of decedent's gross estate under the provisions of section 302 (c) of the Revenue Act of 1926, which reads in part as follows:

SEC. 302. (c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth * * *.

Respondent does not contend that the trust deed involved in the instant case was executed in contemplation of death. He does contend that, by reason of the fact that the grantor of the trust reserved to herself for life two-thirds of the income from the property conveyed in trust, the conveyance of the remainder interest in two-thirds of the property was intended to take effect in possession or enjoyment at or after decedent's death and therefore the value of this two-thirds of the property should be included as a part of decedent's gross estate. Respondent's counsel supports this contention by an able brief which we have carefully considered.

We think however that, as to irrevocable trusts created prior to the effective dates of the amendments to section 302 (c) of the Revenue Act of 1926, above referred to, the Supreme Court of the United States has settled the question adversely to the contention made by respondent. *May* v. *Heiner*, 281 U. S. 238; *McCormick* v. *Burnet*, 283 U. S. 784; *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339; *Morsman* v. *Burnet*, 283 U. S. 783; *Helvering* v. *St. Louis Trust Co.*, 296 U. S. 39; *Becker* v. *St. Louis Trust Co.*, 296 U. S. 48. Cf. *Elizabeth B. Wallace, Executrix*, 27 B. T. A. 902; affd., 71 Fed. (2d) 1002; certiorari denied, 293 U. S. 600; *Flora M. Bonney et al., Executrices*, 29 B. T. A. 45; affd., 75 Fed. (2d) 1008; *Robert Taft, Executor*, 33 B. T. A. 671 (on appeal C. C. A., 6th Cir.).

On the only issue presented to us for decision we hold in favor of petitioners.

*Decision will be entered under Rule 50.*