FIRST NATIONAL BANK OF ATLANTA AND MRS. MADELINE W. HEBERT, EXECUTORS OF THE ESTATE OF PAUL OCTAVE HEBERT, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83238. Promulgated August 31, 1937.

W. A. *Sutherland, Esq.*, for the petitioners.
*Harold F. Noneman, Esq.*, for the respondent.

OPINION.

SMITH: The identical question raised in the first issue has been decided by the Board recently in *Dwight Whiting et al., Trustees*, 35 B. T. A. 100, where we held that the value of certain shares of stock which were transferred as a gift in 1917, the donor retaining the income therefrom for life, should not be included in the gross estate of the donor, who died on November 8, 1933, as a transfer in-

tended to take effect in possession or enjoyment at or after death under section 302 (c) of the Revenue Act of 1926, as amended by Joint Resolution of March 3, 1931, and section 803 (a) of the Revenue Act of 1932.[1]

In our opinion we said:

Our question, then, is whether or not section 302 (c), *supra*, as amended, relates back and covers transfers made prior to the dates of the amendments in cases where the death of the decedent does not occur until after the amendment dates. The answer to that question can be drawn from the decision of the Supreme Court in *Helvering* v. *Helmholz*, 296 U. S. 93. There the Court had before it the interpretation of section 302 (d) of the Revenue Act of 1926, which deals with the power to revoke, alter, or amend a trust instrument. The provisions there dealt with first appeared in the Revenue Act of 1924. The transfer under consideration was made in 1918. The Court, after pointing out that the transfer was complete at the time of the creation of the trust, that no interest remained in the grantor, and under the revenue act then in force the transfer was not taxable as intended to take effect in possession or enjoyment at the death of the grantor, held that if "section 302 (d) of the Act of 1926 could fairly be considered as intended to apply * * * its operation would violate the Fifth Amendment." See also *White* v. *Poor*, 296 U. S. 98. Cf. *Helvering* v. *City Bank Farmers Trust Co.*, 296 U. S. 85. We are unable to draw a distinction between the application of section 302 (d) in the above cases and section 302 (c), as amended, in the instant case. *Jerome C. Smith* v. *United States*, —— Fed. Supp. ——. Cf. *Bingham* v. *United States*, 296 U. S. 211; *Industrial Trust Co.* v. *United States*, 296 U. S. 220; *Nichols* v. *Coolidge*, 274 U. S. 531.

See also *Mildred Kienbusch et al., Executors*, 34 B. T. A. 1248.

Here, as in the *Whiting* case, the decedent, prior to the Joint Resolution and the amendments referred to above, parted irrevocably with every interest in the property except the right to receive the income therefrom for life, which right was cut off by his death, leaving no interest therein to pass to his survivors as a part of his estate.

In neither the *Whiting* case, the *Kienbusch* case, nor this case is the question raised as to the propriety of including in the gross estate all transfers made after the effective date of the amendment

---

[1] Sec. 803. (a) Section 302 (c) of the Revenue Act of 1926, as amended by the Joint Resolution of March 3, 1931, is amended to read as follows:

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title."

to section 302 (c) of the Revenue Act of 1926, where the decedent donor retained the enjoyment of the income of the transferred property during life.

In an amended answer filed in this proceeding the respondent alleged affirmatively that the gift in question was made in contemplation of death. No evidence other than the instrument by which the gift was made was offered in support of this contention, however, and in his brief the respondent waived the allegation.

In view of our discussion in *Dwight Whiting et al., Trustees, supra*, we deem it unnecessary to cite other authorities or further to discuss the question here. In accordance with our decision in that case we hold that the respondent erroneously included the value of the bonds in question in decedent's gross estate for estate tax purposes.

The remaining question in issue is whether the bequests to charity are deductible from decedent's gross estate under section 303 (a) (3) of the Revenue Act of 1926,[2] or whether under the laws of the State of Georgia they were void as charitable bequests and are therefore subject to the estate tax.

Section 3851 of the Georgia Code of 1926 reads as follows:

*Charitable devises.*—No person leaving a wife or child or descendants of child, shall, by will, devise more than one-third of his estate to any charitable, religious, educational, or civil institution, to the exclusion of such wife or child; and in all cases the will containing such devise must be executed at least 90 days before the death of the testator, or such devise shall be void.

Since the decedent's will here was executed only 89 days before his death the respondent contends that the charitable bequests made therein were void.

In view of the facts here it is not necessary for us to rule upon the question of whether the respondent has correctly interpreted and applied the quoted provision of the Georgia statute as rendering void the charitable bequests made in the decedent's will. The validity of

---

[2] SEC. 303. For the purpose of the tax the value of the net estate shall be determined—
(a) In the case of a resident, by deducting from the value of the gross estate—
\* \* \* \* \* \* \*
(3) The amount of all bequests, legacies, devises, or transfers, to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to a trustee or trustees, or a fraternal society, order, or association operating under the lodge system, but only if such contibutions or gifts are to be used by such trustee or trustees, or by such fraternal society, order, or association, exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals. The amount of the deduction under this paragraph for any transfer shall not exceed the value of the transferred property required to be included in the gross estate; \* \* \*

these bequests was the subject of a suit brought by the executors of the decedent's estate in the Superior Court of Fulton County, Georgia, a court of competent jurisdiction, and that court has ruled that the bequests are all valid and has directed the executors to pay them out in accordance with the terms of the decedent's will. The decree of the court is binding on us in all matters pertaining to the construction and the administration of the decedent's will. *Jones* v. *Habersham*, 107 U. S. 174; *Freuler* v. *Helvering*, 291 U. S. 35; *Fidelity & Columbia Trust Co.* v. *Lucas*, 66 Fed. (2d) 116; *Smith* v. *Commissioner*, 78 Fed. (2d) 897; *Commissioner* v. *Blair*, 83 Fed. (2d) 655.

In *Smith* v. *Commissioner, supra*, the question involved was the deductibility of certain charitable bequests which were made pursuant to a compromise agreement entered into between a testator's next of kin and the beneficiary under his will. The statutes of the State of Rhode Island, where the testator was a resident at the time of his death, provide for the compromise of contested wills and further provide that where this takes place "the estate of such deceased person shall be administered and disposed of according to the provisions of the will as modified by the compromise." The court, in reversing the Board, held that the charitable bequests were deductible, saying:

> On matters of this sort the federal courts are bound by the state law. "It is very properly admitted by the government that the New York decree is in this proceeding binding with respect to the meaning and effect of the will. The right to succeed to the property of the decedent depends upon and is regulated by state law (*Knowlton* v. *Moore*, 178 U. S. 41, 57, 20 S. Ct. 747, 44 L. Ed. 969, 976), and it is obvious that a judicial construction of the will by a state court of competent jurisdiction determines not only legally but practically the extent and character of the interests taken by the legatees." Pitney, J., *Uterhart* v. *U. S.*, 240 U. S. 598, 603, 36 S. Ct. 417, 418, 60 L. Ed. 819. See, too, *Freuler* v. *Helvering*, 291 U. S. 35, 45, 54 S. Ct. 308, 78 L. Ed. 634; *Helvering* v. *Grinnell*, 294 U. S. 153, 55 S. Ct. 354, 79 L. Ed. 825. * * *

In its interpretation of section 3851 of the Georgia Code the Supreme Court of that state has said that its purpose is not to protect the public interests but to prevent a private wrong and that the statutory limitation on the testamentary power is to be strictly construed in favor of those persons named in the statutes and none other; and where such persons have failed or refused to assert their claims under the statute it can not be invoked by collateral kin. *Monahan* v. *O'Byrne*, 147 Ga. 633. Charitable devises generally are favored by the laws of the State of Georgia. *Reynolds* v. *Bristow*, 37 Ga. 283; *Jones* v. *Habersham, supra; Monahan* v. *O'Byrne, supra.*

Since the charitable bequests in question have been held valid by a court of competent jurisdiction and have been or will be paid out of

the decedent's estate in accordance with the provisions of his will, and since, admittedly, they fall within that class of bequests referred to in section 303 (a) (3), above, we hold that they are deductible from decedent's gross estate.

*Judgment will be entered under Rule 50.*