22056. BEYNES, Executrix, et al. v. BROOKE, Executrix, et al.

CANDLER, Justice. Louis S. Brooke, a resident of Fulton County, Georgia, executed his last will and testament on February 7, 1959, and died on April 5 of that year. He was survived by Mary Frazier Brooke, his wife, and Richard T. Brooke, his son. His will was probated in solemn form in the Court of Ordinary of Fulton County and Mary Frazier Brooke and the Trust Company of Georgia qualified as executrix and executor respectively of his estate. By item 1 (b) of his will he gave Mary Frazier Brooke, his wife, substantially all of his personal effects, such as jewelry, clothing, silver, dinnerware, furniture, automobiles and the like absolutely and without limitation. By item 2 he also gave her fee simple title to any home owned by him in which they were living at the time of his death. And by item 3 he gave all the rest of his estate of every kind and character to the Trust Company of Georgia and his wife, Mary Frazier Brooke, as trustees, and directed them to pay the income from such trust estate as follows: (a) The sum of $75 per month to Eva Mae Armstrong, his colored servant, during the rest of her life provided she was still working for him at the time of his death; and (b) All of the balance of the net income therefrom to Mary Frazier Brooke, his wife, during her natural life and so long as she remained unmarried and, in the event of her remarriage, then only one-third of the balance of the net income therefrom during the remainder of her natural life. Subsection "c" of this item of his will provides that any portion of the net income from the trust estate not paid out by such trustees under and pursuant to the two preceding provisions of his will and after the time for making such payments has fully ended, any such accumulated income, together with the whole net income thereafter received from the trust property, shall be

paid by them on a specified percentage basis to the Westminister Schools, Inc.; the Georgia State College of Business Administration; the Morris Brown College; Our Lady of Perpetual Help; the Florence Crittenton Home; and the Piedmont Hospital, all of Atlanta, Georgia, and the Scottish Rite Hospital for Crippled Children of Decatur, Georgia. Item 4 provides that if any one or more of the institutions named in item 3 (c) of his will should cease to exist, or cease to perform the service it is now performing or substantially that which is now being carried on by it, the net income from such trust estate shall be divided among the other institutions named by him in the proportions which the percentages specified for each bear to the percentages to all of those institutions which continue in operation.

Item 5 of the will reads as follows: "In this will I have made no provisions for my son, Richard Thomas Brooke. This was done after full consultation with him and his complete acquiescence in the terms of this will. From other sources he is being amply provided for."

On September 27, 1962, Agnes M. Beynes and Chemical Bank New York Trust Company, a banking corporation organized under the laws of the State of New York, as executrix and executor of the estate of Richard T. Brooke, filed a petition in the Superior Court of Fulton County, Georgia, in which they prayed for a construction of items 3 and 4 of the will of Louis S. Brooke, deceased, and for a judgment declaring items 3 (c) and 4 of his will to be null and void. As the defendants, their petition named Mary Frazier Brooke individually and as executrix of and as a trustee under the last will and testament of Louis S. Brooke, deceased, and the Trust Company of Georgia as an executor of and as a trustee under the will of Louis S. Brooke, deceased. Also Eugene Cook, as Attorney General of Georgia, in his official capacity and the several beneficiaries of the trust created by items 3 and 4 of the testator's will. In substance and so far as need be stated, the original petition, as filed by them, alleges that Richard T. Brooke was a resident of New York at the time of his death on May 26, 1960; that he left no lineal descendant; that his will was probated in the State of New York; and that the devises made by items 3 (c) and 4 of Louis S. Brooke's will are null and void because (1) his will was executed less than 90 days immediately before his death and (2)

the trust estate created by items 3 (c) and 4 of his will devised to the charitable, religious, educational and civil institutions named therein more than one-third of his estate to the exclusion of his widow Mary Frazier Brooke and his son Richard T. Brooke, the latter being his only surviving child or lineal descendant. Their petition did not allege the value of the estate left by the testator nor the value of the residue of his estate which he devised to the trustees named therein, nor the value of the interest in the residue of his estate which he devised to the charitable, religious, educational and civil institutions named by him in item 3 (c) of his will.

General and special demurrers to the petition were interposed by the defendants Mary Frazier Brooke and the Trust Company of Georgia in their respective representative capacities. Separate general and special demurrers were also interposed by other defendants. The demurrers so interposed attacked the sufficiency of the original petition to state a cause of action for the relief sought and raised other questions which it is not necessary to mention here. The petition was thereafter amended and, as amended, alleges that the total gross value of the estate left by Louis S. Brooke was $698,358.56; that the value of the residue of his estate was $458,953.46; and that the value of the interest devised by items 3 (c) and 4 of his will to the charitable, religious, educational and civil institutions named therein to the exclusion of said Mary Frazier Brooke and said Richard T. Brooke was $259,328.03. The demurrers previously interposed to the petition were renewed to it as amended. The court sustained those grounds of the demurrers which attacked the sufficiency of the petition as amended to state a cause of action for the relief sought and dismissed the amended petition. The plaintiffs excepted. *Held*:

Section 113-107 of the official Code of 1933 declares: "No person leaving a wife or child, or descendants of child, shall, by will, devise more than one third of his estate to any charitable, religious, educational, or civil institution, to the exclusion of such wife or child; and in all cases the will containing such devise must be executed at least ninety days before the death of the testator, or such devise shall be void." This Code section was amended in 1937 (Ga. L. 1937, p. 430) by adding at the end thereof the following words: "Provided, however, that when the estate shall exceed two hundred thousand dollars in value, the restrictions of this section shall not apply to such

excess, and in estimating values that of a life-estate under the annuity tables shall be included." Assuming but not holding that the legal representatives of the estate of Richard T. Brooke, deceased, are permitted to question the validity of items 3 (c) and 4 of Louis S. Brooke's will, we nevertheless hold that their petition failed to state a cause of action for the relief sought. Their petition as amended positively alleges that the total gross value of the estate of Louis S. Brooke was $698,358.56 and that the value of the interest in his estate which he devised to trustees for the benefit of the charitable, religious, educational and civil institutions named in items 3 (c) of his will to the exclusion of said Mary Frazier Brooke and said Richard T. Brooke was $259,328.03. From these allegations, it plainly appears that an amount of $200,000, and more, of the testator's estate was unaffected in any way by the devise he made to the institutions named in item 3 (c) of his will. At all times after the effective date of the 1937 amendment which was March 8, 1937, it is clear to us and we hold that neither the more than one-third in value restriction nor the 90-days-before-death restriction contained in *Code Ann.* § 113-107 apply to the excess over $200,000 in value of the testator's estate. As to the excess of his estate over $200,000 in value, his right to devise all, or any part of it, to the institutions named in item 3 (c) of his will was not restricted in any way by the provisions of *Code* § 113-107 as amended by the act of 1937. Hence, the court did not err, as plaintiffs contend in sustaining those grounds of the demurrers which attacked the sufficiency of the amended petition to state a cause of action for the relief sought and in dismissing the petition as amended.

*Judgment affirmed. All the Justices concur.*
ARGUED JUNE 10, 1963—DECIDED JUNE 20, 1963.

*Soons & Soons, William R. Soons, Jones, Sparks, Benton & Cork, A. O. B. Sparks, Jr.,* for plaintiffs in error.

*Hansell, Post, Brandon & Dorsey, Allen Post, W. Rhett Tanner, Alex W. Smith, Jr., Smith, Field, Ringel, Martin & Carr, Smith, Kilpatrick, Cody, Rogers & McClatchey, Edwin L. Sterne, Ware & Sterne, John L. Westmoreland, Jr., D. R. Cumming, Jr., Eugene Cook, Attorney General, James H. Therrell, Benjamin L. Johnson, Assistant Attorneys General,* contra.