22859. CHISHOLM, Administratrix, et al. v. BILLINGS, Executor, et al.

ARGUED FEBRUARY 9, 1965—DECIDED APRIL 12, 1965—REHEARING DENIED MAY 6, 1965.

*Nall, Miller, Cadenhead & Dennis, Thomas A. Rice, Hamilton Douglas, Jr.,* for plaintiffs in error.

*E. E. Moore, Jr.,* contra.

ALMAND, Justice. Louise A. Chisholm, as administratrix of the estate of Susie A. Hightower and as her sister and heir at law, together with a brother and sister of Susie A. Hightower, brought a petition against the executors of the estate of Dr. George L. Hightower, certain named trustees under the will of Dr. Hightower and several named parties who were the beneficiaries of

the trust fund set up in the will. It was alleged: that the testator died on March 8, 1963, leaving his wife Susie A. Hightower and no children or descendants of children; that he left a will, which has been probated, executed on December 19, 1962, in which he left more than one-third of his estate to charitable uses to the exclusion of his wife; that having died less than 90 days after the execution of the will, the bequests to charity were void under the provisions of *Code Ann.* § 113-107. It was alleged that his widow was dissatisfied with the bequests to the several charitable organizations and had prepared to consult an attorney, but was prevented from doing so by her sudden death on April 16, 1963. As to the value of the estate it was alleged: "Upon the probate of the will of Dr. George L. Hightower the defendants, Dr. R. A. Billings and Miss Molly Myrick, co-executor and co-executrix, took into their possession all of the assets of the estate of Dr. George L. Hightower. The exact nature of these assets are well known to the defendants, but unknown to the petitioners, whose demand for an accounting has been refused by said defendants. However, it is known that said assets exceeded the debts of the estate by a substantial amount." "Upon information and belief the petitioners aver that the defendant co-executor and co-executrix have distributed a portion of the assets of said estate to the defendants Rev. A. A. Hightower and Dr. R. A. Billing, trustees under the will of Dr. George L. Hightower. The exact amount of said assets distributed is well known to the defendants, but unknown to the petitioners, whose demand for an accounting has been refused." "Upon information and belief the petitioners aver that the defendant co-executor and co-executrix have distributed a portion of the assets of said estate to Morris Brown College of Atlanta, Georgia. The exact amount of said assets distributed is well known to the defendants, but unknown to the petitioners, whose demand for an accounting has been refused." "Petitioners aver that the will of Dr. George L. Hightower left more than one-third of his estate to charitable, religious and educational institutions. The exact value of that portion left to charitable, religious and educational institutions is well known to the defendants, but unknown to the petitioners, whose demand for an accounting has been refused by the defendants, Dr. R. A. Billings and Miss Mollie Myrick."

The petition sought a construction of the will of the testator and a decree declaring the bequests to the several charitable organizations to be void, an accounting by the executors, and injunctive relief.

The executors and trustees named in the testator's will demurred generally to the petition on the grounds that (a) the petition fails to allege a cause of action for any of the relief prayed for and (b) that none of the petitioners had legal standing or any legal interest or right to seek a construction of the will for the purpose of having the bequests to charitable uses declared as null and void.

In 1937 the legislature amended *Code* § 113-107, which then provided: "No person leaving a wife or child, or descendants of child, shall, by will, devise more than one third of his estate to any charitable, religious, educational, or civil institution, to the exclusion of such wife or child; and in all cases the will containing such devise shall be executed at least ninety days before the death of the testator, or such devise shall be void," by adding the following: "Provided, however, that when the estate shall exceed two hundred thousand dollars in value, the restrictions of this section shall not apply to such excess, and in estimating values of devises that of a life-estate under the annuity tables shall be included." Ga. L. 1937, p. 430. It is evident from the caption of this Act and the re-enactment of *Code* § 113-107 as amended that the proviso was made a part of the enacting clause. This statute restricting or limiting the testamentary power of the testator, being in derogation of the common law, is to be strictly construed. *Monahan v. O'Byrne,* 147 Ga. 633 (95 SE 210); 15 Am. Jur. 2d 28, Charities, §§ 23, 24. The proviso of the statute should be considered in connection with the entire Act of which it is a part. *Board of Education &c. for Bibb County v. State Bd. of Educ.,* 186 Ga. 200 (7) (197 SE 261). Where an exception or proviso forms a necessary part of the statute in the enacting clause, the party relying upon the statute must allege facts showing that the case under consideration does not fall within the exception or proviso. See cases cited in 41 Am. Jur. 355, § 94, and the annotation in 130 ALR 441. "Where a party relies for recovery on a statute, particularly one creating a liability where none existed before, he must

state facts showing his right to recover under that statute, and bring himself clearly, fairly, or substantially within its terms or provisions; and it is necessary that such statement shall include every fact which is essential to the existence of a cause of action under the statute, and show that plaintiff, or the person on whose behalf he sues, is entitled to the benefit and protection of the statute, and that defendant is liable thereunder." 71 CJS 201, § 86. See also *Crowley v. Hughes*, 74 Ga. App. 531 (40 SE2d 570).

The petitioners do not allege the amount or value of the estate. Under *Code Ann.* § 113-107, if the value of the estate exceeded $200,000 the restrictions of the section would not apply to the excess. The general allegation that the bequests to charitable organizations were more than one-third of the testator's estate is contradicted by other allegations that petitioners do not know the amounts or values of the charitable bequests. Allegations in a petition which are ambiguous, inconsistent or contradictory will be construed most strongly against the pleader. *Owen v. Richards Paper Co.*, 188 Ga. 258 (1) (3 SE2d 660); *Butler v. City of Dublin*, 191 Ga. 551 (13 SE2d 362); *Hoffman v. Chester*, 204 Ga. 296 (49 SE2d 760). At the most, all that petitioners allege is that they do not know the amount or value of the testator's estate. The petitioners do not allege sufficient facts to show that the proviso of *Code Ann.* § 113-107 is not applicable. Assuming, but not holding, that the petitioners are such parties that are permitted under *Code Ann.* § 113-107 to question the validity of the charitable bequest, *Beynes v. Brooke*, 219 Ga. 140, 143 (132 SE2d 42), we hold that their petition failed to set forth a cause of action and was properly dismissed.

"When, as here, a petition fails to state a cause of action for any of the relief sought, and is, for that reason, dismissed on general demurrer, it is unnecessary for this court to deal with another assignment of error complaining of an antecedent ruling which the trial judge had made in the case respecting practice and procedure." *Phillips v. Phillips*, 211 Ga. 305 (3) (85 SE2d 427). Therefore we do not rule on the assignment of error complaining of the court's order limiting the scope of examination on the depositions which the plaintiffs sought to take under the provisions of *Code Ann.* § 38-2101 (Ga. L. 1959, pp. 425, 426).

*Judgment affirmed. All the Justices concur.*