28044. MARSHALL et al. v. TRUST COMPANY OF GEORGIA.

JORDAN, Justice. This appeal comes from a judgment in the Superior Court of Fulton County, declaring the provisions of a testamentary charitable trust, contained in the will of Harriet

McDaniel Marshall, not violative of Code Ann. § 113-107, and therefore valid.

Harriet McDaniel Marshall executed her will on July 11, 1962, and died September 28, 1962, 79 days after said execution. Harriet Marshall was survived by her son and sole heir-at-law, Sanders Marshall, who had one son, Rembert Marshall (now Rembert Thornwell) who also survived the testatrix. Rembert Marshall was born of the marriage between Sanders Marshall and Claire Emerson Marshall, which marriage was terminated by divorce on October 16, 1961, prior to Harriet Marshall's death. Harriet Marshall's will was duly filed for probate on October 5, 1962, and on the same date the will was probated in solemn form and admitted to record on consent of Sanders Marshall. The Trust Company of Georgia duly qualified as executor of the estate. Harriet Marshall's gross estate, as stipulated by all parties in the trial court, was in excess of two million dollars.

After providing for the payment of all debts and taxes, testatrix, in Item Second of the will, devised a life estate in all her personal property, valued at $29,410, to her son Sanders Marshall. In the Third Item of her will testatrix directed that a trust be established out of the residue and remainder of her estate in favor of her son Sanders Marshall, trustee of said trust to pay the income therefrom, using his sole discretion, for the proper support and maintenance of her son. Trustee was also given the power to invade the corpus of the trust, in its absolute discretion, to provide for Sanders Marshall in the event of a serious illness, provided the accumulated income was insufficient to cover the expenses. The testatrix further provided in the Third Item of said will that on the death of her son (Sanders Marshall died December 19, 1970) the trustee was to place $134,000 in a "separate" fund and pay the income therefrom to Elizabeth Kirkland Merritt for her life and upon her death the income from the trust was to be paid to the grandchildren of Elizabeth Merritt annually share and share alike, with the fund being divided equally in fee simple share and share alike when the youngest grandchild reaches 25. In the Fourth Item of the will, the validity of which provides the threshold question for this court, testatrix provided that the rest and residue of her estate was to be put in trust, the trustee to pay the income from the trust at least semi-annually to "charitable, educational or religious institutions" to be selected by the trustee.

This action was initiated by Olga Marshall, surviving widow of

Sanders Marshall. Olga Marshall also represents the children of that marriage as plaintiffs in this action. Defendant Lamar W. Sizemore, Administrators D. B. N. C. T. A. of the will of Sanders Marshall, answered plaintiff's petition claiming that Harriet Marshall's will was void ab initio since it violated Code Ann. § 113-107. Sizemore also filed a cross action praying for "all of the relief prayed in the main suit." Mrs. Claire Marshall Thornwell, first wife of Sanders Marshall, intervened as guardian ad litem for Rembert Thornwell, a son born of said first marriage and joined in the prayers of the petition and the cross action.

Plaintiffs alleged in the trial court that the charitable trust contained in the Fourth Item of Harriet Marshall's will was void for the following reasons: (1) The provision in the will attempts to devise more than one-third of the estate to charitable, religious educational or civil institutions to the exclusion of her child, Sanders Marshall, said will having been executed less than ninety days before the testatrix died and said will not containing other bequests or devises of assets the value of which equals $200,000 to said son; (2) Plaintiff claimed that it was impossible for the trustee or the trial court to ascertain the intention of the testatrix to any charitable use, or to sufficiently identify the beneficiaries of the purported charitable trust; and (3) That the Eleventh Item of the will, a standard saving clause against a violation of the rule against perpetuities, in light of the Fourth Item established a mixed trust and that such trust is void since the beneficiaries and the uses of said trust are not made clear and definite.

Defendant executor, The Trust Company of Georgia, denied all of these allegations in its answer. After a hearing, the trial judge sitting as the sole finder of fact, found in favor of the defendant executor in all respects and it is from this judgment and other rulings that the plaintiffs appeal. *Held:*

1. Code § 113-107 provides that "No person leaving a wife or child, or descendants of child, shall, by will, devise more than one-third of his estate to any charitable, religious, educational, or civil institution to the exclusion of such wife or child; and in all cases the will containing such devise shall be executed at least ninety days before the death of the testator, or such devise shall be void." In 1937 this Code section was amended by adding the following proviso: "Provided, however, that when the estate shall exceed two hundred thousand dollars in value, the restrictions of this section shall not apply to such excess, and in estimating

values that of a life estate under the annuity tables shall be included." Ga. L. 1937, p. 430.

In view of the fact that the testatrix was survived by a child, Sanders Marshall, who consented to the probate of the will and received income from the trust created in his favor under the will in the amount of $441,297.07 during his lifetime, the question was raised in the trial court as to whether the appellants had proper standing under Code Ann. § 113-107 to contest the validity of the charitable devises contained in the will. The trial court found no standing. After careful scrutiny of Code Ann. § 113-107 and research into the various authorities cited, both our own and those of other states, it is indeed questionable that appellants had such standing. See *Monahan v. O'Byrne,* 147 Ga. 633 (95 SE 210); *Strother v. Kennedy,* 218 Ga. 180 (3) (127 SE2d 19); *Beynes v. Brooke,* infra, p. 143; *Chisholm v. Billings,* 220 Ga. 870, 873 (142 SE2d 781). However, we will proceed to decide the case on the merits, assuming but not deciding thereby, that appellants did have sufficient standing to contest the validity of the Fourth Item in the will under Code Ann. § 113-107.

It appears from the record and findings of fact made by the trial judge, that at her death the value of the testatrix' gross estate amounted to $2,016,390.42, based on appraisals from independent appraisers. It also appears in the findings of fact that after the subtraction of all debts, estate taxes, administration expenses and the value of a specific bequest and trust, that the fair market value of the remainder of testatrix' estate amounted to $1,109,123.43.

In the case of *Beynes v. Brooke,* 219 Ga. 140 (132 SE2d 42), it was alleged that the total gross value of the estate of the testator was $698,358.56 and that the value of the interest in his estate which he devised for the benefit of charitable institutions was $259,328.03. This court stated, "From these allegations, it plainly appears that an amount of $200,000, and more, of the testator's estate was unaffected in any way by the devise he made to the institutions named in . . . his will . . . It is clear to us and we hold that neither the more than one-third in value restriction nor the 90-days-before-death restriction contained in Code Ann. § 113-107 apply to the excess over $200,000 in value of the testator's estate. As to the excess of his estate over $200,000 in value, his right to devise all, or any part of it, to the institutions named in . . . his will was not restricted in any way by the provisions of Code § 113-107 as amended by the Act of 1937."

Applying the same reasoning to the present case, the amount of testatrix' estate that can be applied to the charitable trust in Item Four of her will, can under no circumstances be in excess of the net residual value of the estate ($1,109,123.43) less the specific bequest and trust. Since the balance left after subtracting the largest possible amount subject to the charitable trust from the value of the gross estate is far in excess of the $200,000 limitation found in the 1937 proviso of Code Ann. § 113-107 said trust is not in violation of or in conflict with the provisions of that Act. *Beynes v. Brooke,* supra; *Hood v. First Nat. Bank of Columbus,* 219 Ga. 283 (133 SE2d 19).

Assuming, but not deciding, that the value of an estate as contemplated by Code Ann. § 113-107 means the "net distributable value," as urged by appellants, there is no violation of the code section in that the testatrix devised $134,000, or more than two-thirds of the first $200,000 of her estate, to a noncharitable person, i. e., her cousin. By the express terms of the Code section the proviso merely restricts or forbids a devise of more than one-third of the first $200,000 of an estate to *charitable institutions,* to the exclusion of one's wife or child or descendants of a child.

As pointed out by Chief Justice Duckworth in *Hood v. First Nat. Bank,* 219 Ga. 283, 285, supra, "What one might think of the moral duty of a testator to provide for his wife and children cannot properly effect [sic] a construction of this section. The preceding code section expressly authorizes a testator to give his entire estate to strangers, who might be his concubines, to the exclusion of his wife and children. Code § 113-106. Therefore, in seeking a sound construction we must look, not to what we would prefer, but solely to what sayeth the law." The testatrix here very clearly and deliberately intended to avoid the provisions of Code Ann. § 113-107 by expressly devising slightly more than two-thirds of the first $200,000 of her estate to other than a charitable institution. It is manifestly clear from the four corners of the will that the testatrix, aware of the existence of her child and grandchild at the time of making the will, intended only to provide for her son so long as he should live, at which time the bulk of her estate would go to charitable institutions rather than to any heirs of her said son. This she had the right to do and we cannot rewrite her will in view of such clear and manifest intent.

2. The appellant contends that the trial court erred in its ruling that the devise found in the Fourth Item of testatrix' will was

not void for indefiniteness or lack of specific charitable intent. Any person may, by will, devise property, real or personal, or both, to any trustee and provide in the will that such properties, or any part thereof, shall be held in trust and the income or principal applied in whole or in part, for any charitable purpose. Code Ann. § 108-207. It is not required that the testator designate in the will the particular purpose or class of purposes for which such property shall be used or such income applied. Code Ann. § 108-208. A charitable devise shall be valid and operative if the trustee is given the power to select from time to time the charitable purpose or purposes to which the property or income of such trust shall be applied; "and no such gift, grant, devise or bequest, accompanied by such power or selection, shall be void because of uncertainty or indefiniteness." Code Ann. § 108-209. In a factual situation similar to the one here, we held that the words "religious, charitable, educational and humanitarian purposes" were of sufficient definiteness to satisfy the requirements of the Code sections cited above. *Pace v. Dukes,* 205 Ga. 835 (55 SE2d 367). We therefore hold that the instant case falls squarely within the provisions of these Code sections.

In respect to the charitable intent manifested by testatrix, we hold that under Code § 108-203, testatrix did all that is necessary to establish sufficient charitable intent. Under that Code section the following subjects are proper matters of charity for the jurisdiction of equity: "(2) Every educational purpose; (3) Religious instruction or worship; . . . (8) Other similar subjects, having for their object the relief of human suffering or the promotion of human civilization."

3. The other enumerations of error are without merit.

*Judgment affirmed. All the Justices concur.*

Argued July 9, 1973 — Decided October 4, 1973 — Rehearing denied November 13, 1973.

*Edgar A. Neely, John L. Westmoreland, Sr., John L. Westmoreland, Jr., Melton, McKenna & House, Andrew W. McKenna, Buckner F. Melton,* for appellants.

*King & Spalding, James M. Sibley, William K. Meadow, Kirk McAlpin, Arthur K. Bolton, Attorney General, Larry D. Ruskaup, Assistant Attorney General,* for appellee.

Ingram, Justice, concurring. I have joined the other members

of this court in the judgment rendered in this case because it seems to me that the correct legal result has been reached. It is regretful to me, personally, that oral argument was heard in this case (as well as in a number of other pending cases) before I became a member of the court. Nevertheless, I have studied and considered all of these pending cases fully and I believe this case has been decided correctly. I would add this word of caution about the court's decision: it does not, in my opinion, modify or repeal the language or efficacy of Code Ann. § 113-107. On the contrary, the integrity of these provisions of our law remains intact. The result in this case was reached solely on the basis of the facts appearing in the present record. It is clear to us from those facts that Mrs. Harriet Marshall's counsel who prepared this will carefully (and we conclude, successfully) drafted its terms to avoid the application of this Code section. It is not to be inferred that we approve the testamentary disposition made in the will, which excludes her progeny, but we are neither authorized nor inclined to redraft wills on appeal that do not violate the statutes of Georgia. This court has given thorough consideration to the vigorous and able arguments made by appellants but does not agree the trust here involved is violative of Code Ann. § 113-107.