**ESTATE of Fred A. BROCK, Jr., Eleanor Brock Ilfrey, Executrix, Petitioner–Appellant,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 79–2602.**

United States Court of Appeals, Fifth Circuit. Unit A

Nov. 13, 1980.

---

Leland B. Kee, Angleton, Tex., for petitioner–appellant.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Chief, Appellate Section, James A. Riedy, N. Jerold Cohen, Chief Counsel, Internal Revenue Service, Jonathan S. Cohen, Marilyn E. Brookens, Attys., Tax Div., Dept. of Justice, Washington, D. C., for respondent–appellee.

Before COLEMAN, Chief Judge, and RUBIN and WILLIAMS, Circuit Judges.

PER CURIAM:

A taxpayer contends that the remainder interest in a salt royalty is an interest in a personal residence or farm. Finding that a salt royalty can be neither a residence nor a farm, even though the salt deposit may be beneath a farm or residence, we affirm the Tax Court's decision, 71 T.C. 901, denying a charitable deduction for this legacy of such an interest.

Fred A. Brock, prior to his death, owned a ranch in Brazoria County, Texas. In 1960, he entered into a "Salt and Storage Agreement," pursuant to which Dow Chemical Company agreed to make royalty payments in return for the right to mine salt from and store it on the property. When Mr. Brock died in 1972, he willed to his wife a life interest in this salt royalty. He left the remainder interest in the royalty to the First Presbyterian Church of Angleton. The estate could not, of course, claim a deduction for the life interest that passed to the surviving spouse because it was a terminable interest, IRC § 2056(b)(1), but in reliance on Section 2055(a)(2), it deducted the value of the remainder interest as a gift to a qualifying charitable organization. Relying on Section 2055(e)(2), however, the Internal Revenue Service disallowed the deduction. The Tax Court upheld the Commissioner's determination.

Although Section 2055(a)(2) allows a deduction from the gross estate for all gifts to qualified charitable organizations, Section 2055(e)(2) forbids the deduction if the interest is split between the charity and an unqualified person or a noncharitable use. Congress provided a special exception to the rule of nondeductibility, however, for "a contribution of a remainder interest *in* a personal residence or farm" or "an undivided portion of the decedent's entire interest in property." (Emphasis supplied.) IRC § 170(f)(3)(B)(i)–(ii). The estate claims, in effect, that the remainder interest in the salt royalty is deductible because the property from which the salt is mined and on which the royalty owner has a right to store the salt is a farm or personal residence.[1]

This argument must fail. The Tax Court upheld the Commissioner's determination on two grounds. First, the court found as fact that the estate had not satisfied its burden of proving that the land associated with the salt royalty was used by the decedent as a farm or personal residence. This factual determination was not clearly erroneous and would suffice to sustain the decision. The Tax Court held in addition, as a

---

1. At oral argument before this court, the appellant, for the first time, claimed the estate was entitled to the deduction because the devise was "an undivided portion of the decedent's entire interest in property" and thereby within the other exception to Section 2055(e)(2). We agree with the Tax Court's statement, in a footnote of its opinion, that such an argument is "fatally defective." Because the decedent granted certain rights in the royalty to his wife for her life, and the remainder rights to the church, it cannot be contended seriously that the church received an undivided interest in the property. *See* Treas.Reg. § 20.2055(e)(2)(i). We pretermit consideration of whether the royalty could be considered separately from the ranch in determining what was "the decedent's entire interest."

matter of law, that the interest in the salt royalty could not qualify as a farm or personal residence. It was the royalty that was the subject of both bequests not the ranch. This conclusion is a correct interpretation of the statute's requirements.

The decedent's wife and the church received different interests, but each was a portion of the right described by the decedent in his will, as "mineral interests ... from which there are producing salt brine wells, ... presently operated by the Dow Chemical Company, from which I receive royalty and which I will hereinafter designate as 'salt royalty.'" The interest left to the charity was only the remainder of the salt royalty. No reading of the devise can make it fit the terms of the statute or convert it into an interest in a farm or residence. That the royalty was real property under Texas law and that it underlay or included the right to use part of the surface of a farm did not suffice to convert it to the interest described in the statute. Congress left no opportunity to broaden the statutory exemption. It used precise words and we apply them accordingly. Therefore, the deduction was properly disallowed under Section 2055(e)(2) and the Tax Court is thereby, AFFIRMED.