544 F.Supp. 20 (1982)
William J. OETTING, Executor of the Estate of Irma H. Dunmeyer, Deceased, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. 80-594 C (3).
United States District Court, E. D. Missouri, E. D.
June 30, 1982.
*21 David P. Oetting, Gene M. Zafft, David V. Capes, Clayton, Mo., for plaintiff.
Gregory S. Nebergall, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

MEMORANDUM AND ORDER
FILIPPINE, District Judge.
This matter is before the Court on defendant's motion for summary judgment. The Court has had the benefit of memoranda from both parties in support of their respective positions.
The undisputed facts of this matter are as follows. On September 5, 1972, Irma H. Dunmeyer (the decedent) executed a revocable inter vivos trust and initially funded it with $100,000. Decedent retained a life interest in the income from the trust. The trust also provided that upon decedent's death, certain distributions were to be made to named individuals. The balance of the trust corpus was then to be divided into "A" and "B" portions. The "A" portion was to be for the benefit of non-charitable individual beneficiaries. The "B" portion, the pertinent segment here, was to be distributed according to the following scheme:
1) The corpus was to be held in trust until the death of the survivor of three named, non-charitable, individuals. Each of these individuals, while living, was to be paid $100 per month from the income of the trust.
2) The remainder of the income of the trust was to be paid, at least annually, in equal shares to five beneficiaries, four of whom were qualifying charitable organizations, the fifth beneficiary being a non-charitable individual.
3) Upon the death of the survivor of the three named, individual income beneficiaries in paragraph 1) above, the principal and undistributed income of the "B" portion of the trust were to be distributed outright to the five beneficiaries named in paragraph 2) above.
On September 6, 1972, decedent executed a last will and testament. After certain specific bequests, the will contained a pour-over provision whereby the balance of the estate was to be included in the trust assets.
*22 Decedent died on October 21, 1974, leaving the scheme described above intact. Seven days later plaintiff was appointed executor of the estate. At this point, it was discovered that decedent's estate was significantly larger than had been thought. In September, 1975 the co-trustees, the executor, and all beneficiaries of the trust filed suit in St. Louis County Circuit Court seeking judicial modification of the trust; the Missouri Attorney General and two contingent beneficiaries were named as defendants. Essentially, the plaintiffs in this 1975 action sought authority to purchase life annuities for each of the three life-income beneficiaries of the "B" portion of the trust and acceleration of the remainder interests to charity so as to provide for immediate distribution.
A decree of the St. Louis County Circuit Court was entered on November 6, 1975, granting the modifications to the Dunmeyer trust sought by plaintiffs in that action. Pursuant to this decree commercial annuities were purchased for each of the life-income beneficiaries with approximately $23,000 of the trust assets. After this, the charitable remainder interests were immediately distributed.
On January 12, 1976, the executor for the estate filed a federal estate tax return. A charitable deduction in the amount of $558,207.92 was claimed in the return. After an audit of the return IRS disallowed the deduction on the ground that it did not meet the requirements set forth in section 2055 of the Internal Revenue Code. The IRS assessed a deficiency against the estate in the amount of $263,266.96 because of the disallowance of the charitable deduction; plaintiff paid this amount on March 6, 1979. Plaintiff exhausted his administrative remedies and subsequently filed this action for a refund.
The defendant's motion for summary judgment is premised on two basic arguments. First, defendant maintains that there was no charitable deduction possible at the time of decedent's death because a successive interest in the same property passed to both charitable and non-charitable beneficiaries, and the trust did not fall into one of the three permissible forms of charitable remainder trusts allowed under section 2055(e)(2)(A). Second, defendant contends that plaintiff is not entitled to relief under section 2055(e)(3), a relief provision, because the trust was not amended, as it must have been, to conform to one of the three permissible forms in section 2055(e)(2)(A) and because the St. Louis County Circuit Court order that reformed the trust altered the testator's dispositive scheme, in violation of Temporary Estate Tax Regulation 24.1(h)(1)(ii).
Plaintiff counters defendant's arguments with several distinct arguments. First, plaintiff contends that several fact issues exist that prevent this matter from being resolved on a motion for summary judgment. Second, plaintiff maintains that defendant is not entitled to summary judgment because the law is contrary to the defendant's position. Specifically, plaintiff argues first that section 2055(e) does not apply here as no remainder interests existed because of the effect of the St. Louis County Circuit Court decree. Plaintiff also contends that the transfers to charity were testamentary in nature. Finally, plaintiff maintains that it is entitled to the benefit of the relief provisions of section 2055(e)(3) because that section does not require the trust to be reformed into one of the three types of trusts specified in section 2055(e)(2)(A).
The first issue for the Court is whether section 2055(e) of the Code applies in this matter.[1] The government argues *23 that it does because successive interests in the same property passed to both charitable and non-charitable entities. Plaintiff, however, argues that section 2055(e) does not apply because the St. Louis County Circuit Court decree (the decree) extinguished the charitable remainder interests by accelerating their disbursement. Plaintiff, for this proposition, relies on Northern Trust Co. v. United States, 41 A.F.T.R.2d 78-1523 (N.D. Ill.1977). In Northern Trust the court held that a settlement agreement of a will contest, under which immediate distributions were made to the non-charitable beneficiaries followed by immediate distributions to charitable beneficiaries, operated to take the matter out of the purview of section 2055(e); the court concluded that the effect of the settlement was the direct transfer of the charitable remainder interests in accord with section 2055(a).
The government argues that Northern Trust is not applicable to the present case because of several distinguishing characteristics. The Court believes the government's position to have merit. First, the settlement agreement in Northern Trust arose out of and gave effect to enforceable rights of non-charitable beneficiaries. The will contest was initiated not by those who administered the decedent's estate but by persons uninterested in the estate tax consequences of their actions. The decree in this case resulted from explicit efforts on behalf of the estate of Mrs. Dunmeyer to secure a charitable deduction. Second, as the government points out, the opinion in Northern Trust relies extensively on Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119 (1938). However, several cases with contrary results decided subsequent to Lyeth were not mentioned in Northern Trust. See, e.g., Bach v. McGinnes, 333 F.2d 979 (3d Cir. 1964); Underwood v. United States, 407 F.2d 608 (6th Cir. 1969); Robbins v. Commissioner, 111 F.2d 828 (1st Cir. 1940). Accordingly, the Court believes the persuasive authority of Northern Trust to be minimal in this case. The Court's analysis of the transactions here leads it to believe that section 2055(e) does apply, thus triggering the issue of whether the requirements of section 2055(e)(2)(A) were complied with.
Once a charitable remainder falls within the terms of section 2055(e) it must comply with the terms of subsection (e)(2)(A) to qualify for a charitable deduction. That section specifies that a remainder interest must be in one of three forms to qualify. Thus, a remainder interest must be an annuity trust, a unitrust, or a pooled income fund. Plaintiff does not contest the government's argument that the "B" portion of the Dunmeyer trust does not fall into one of these three categories, and the Court's analysis of the trust and the requirements for an annuity trust (section 664(d)(1)), a unitrust (section 664(d)(2)), and a pooled income fund (section 642(c)(5)) indicates that the trust does not so qualify. Accordingly, if plaintiff is entitled to a charitable deduction, the relief provisions of section 2055(e)(3) must be the source of the entitlement.
The government argues that plaintiff cannot avail himself of the relief provision contained in section 2055(e)(3)[2] for two reasons. *24 First, the government contends that a trust amended under this section must be amended to conform with the requirements of section 2055(e)(2)(A)  that is, the trust must be amended so that the charitable remainder is in the form of an annuity trust, a unitrust, or a pooled income fund. Second, the government argues that the decree which amended the trust altered the dispositive scheme of the decedent in violation of Temporary Estate Tax Reg. 24.1(h)(1).[3] In rebuttal, plaintiff argues that section 2055(e)(3) does not require an amended trust to conform with the requirements of section 2055(e)(2)(A), and that the issue of whether the court decree altered Mrs. Dunmeyer's dispositive scheme is a material issue of fact which precludes the Court from granting the government's motion for summary judgment.
The Court believes the government's position more accurately states the law with respect to whether an amended trust under section 2055(e)(3) must conform with the requirements of section 2055(e)(2)(A). It appears that under the statutory framework governing charitable deductions, a trust amended under the relief provisions of section 2055(e)(3) must comply with the requirements for an annuity trust, a unitrust, or a pooled income fund. Estate of Brock v. Commissioner, 71 T.C. 901, 911 (1979), aff'd, 630 F.2d 368 (5th Cir. 1980); Estate of Hoskins v. Commissioner, 71 T.C. 379, 384 (1978); Estate of Humbert v. Commissioner, 70 T.C. 542, 550 (1978).
Plaintiff does not controvert the government's assertion that the Dunmeyer trust, as reformed by the decree, does not meet the requirements for an annuity trust, a unitrust, or a pooled income fund. Instead, plaintiff argues that section 2055(e)(3) does not require conformance with section 2055(e)(2)(A), but rather, allows a trust to be amended whereby the instrument provides for the direct passage of the charitable interests. For this proposition, plaintiff relies on the Tax Court's decision in Estate of Crafts v. Commissioner, 74 T.C. 1439 (1980), in which the Commissioner acquiesced. Internal Revenue Bulletin No. 1981-43 (October 26, 1981). *25 However, the Court believes plaintiff's position is undermined both by the legislative history behind section 2055(e)(3) and by the Crafts decision itself.
The legislative history of the relief provisions in section 2055(e)(3) states clearly that the provision's purpose is to allow taxpayers an opportunity "by which the governing instrument of a charitable remainder trust must be amended in order to qualify as a charitable remainder annuity trust or unitrust...." S.Rep.No.93-1063, 93d Cong., 2d Sess. at 3, U.S.Code Cong. & Admin. News 1974, 5985, 5988. This reflects the intention of Congress that the relief provisions it was enacting only allowed reformation into a section 2055(e)(2)(A) charitable remainder trust. The Crafts case further supports this view of section 2055(e)(3). In Crafts the government put forward the argument, presented here also, that section 2055(e)(3) allows only postmortem amendments that comply with section 2055(e)(2)(A). However, the Tax Court did not reject the government's argument but simply stated it did not apply in the Crafts case because there was no amendment of the governing instrument there. 74 T.C. at 1452. There is no question in the present case that the Dunmeyer trust was amended. Moreover, in Crafts the government pointed to Temporary Estate Tax Reg. 24.1(h)(1) in support of its argument. The Tax Court stated that Reg. 24.1(h)(1) (and the government's argument) did not apply to that case but would control "in the situation where a postmortem amendment of a dispositive provision of the governing instrument has occurred, presumably under local law by authority of the court having appropriate jurisdiction." 74 T.C. at 1453 (emphasis supplied). Thus, the Court believes that the government's position in this case remains vital after Crafts, and as indicated by that opinion, applies with specific force to a case such as this one.[4]
Plaintiff seeks to avoid summary judgment by arguing that questions of fact remain to be settled, thus making this case inappropriate for summary judgment. First, plaintiff argues that a question of fact exists as to how the trust assets passed to the charities. The Court has resolved this question earlier in this memorandum by resort to legal principles. The question as to how the assets passed is a legal issue, capable of the Court's resolution on a motion for summary judgment. Second, plaintiff argues that a genuine question of material fact exists as to the effect to be given the state court decree. Again, the Court has, indirectly, decided the effect to be given the state court decree by resort to principles of federal income tax law. The effect given to the state court decree is merely a product of the Court's decision, which is based on tax law principles. Thus, no question of fact exists as to this asserted issue, and summary judgment is appropriate in this case.[5]
In accordance with the foregoing,
IT IS HEREBY ORDERED that the government's motion for summary judgment be and is GRANTED.
IT IS FURTHER ORDERED that plaintiff's claims against the government be and are DISMISSED with prejudice, at plaintiff's cost.
NOTES
[1] The pertinent provisions of section 2055(e) read as follows:

(e) Disallowance of deductions in certain cases. 
. . . . .
(2) Where an interest in property (other than an interest described in section 170(f)(3)(B)) passes or has passed from the decedent to a person, or for a use, described in subsection (a), and an interest (other than an interest which is extinguished upon the decedent's death) in the same property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to a person, or for a use, not described in subsection (a), no deduction shall be allowed under this section for the interest which passes or has passed to the person, or for the use, described in subsection (a) unless 
(A) in the case of a remainder interest, such interest is in a trust which is a charitable remainder annuity trust or a charitable remainder unitrust (described in section 664) or a pooled income fund (described in section 642(c)(5)) ....
[2] The pertinent provision of section 2055(e)(3) reads as follows:

(3) in the case of a will executed before December 31, 1978, or a trust created before such date, if a deduction is not allowable at the time of the decedent's death because of the failure of an interest in property which passes from the decedent to a person, or for a use, described in subsection (a) to meet the requirements of subparagraph (A) or (B) of paragraph (2) of this subsection, and if the governing instrument is amended or conformed on or before December 31, 1981, or, if later on, or before the 30th day after the date on which judicial proceedings begun on or before December 31, 1981 (which are required to amend or conform the governing instrument), become final, so that the interest is in a trust which meets the requirements of such subparagraph (A) or (B) (as the case may be), a deduction shall nevertheless be allowed. The Secretary may, by regulation, provided for the application of the provisions of this paragraph to trusts whose governing instruments are amended or conformed in accordance with this paragraph, and such regulations may provide for any adjustments in the application of the provisions of section 508 (relating to special rules with respect to section 501(c)(3) organizations), subchapter J (relating to estates, trusts, beneficiaries, and decedents), and chapter 42 (relating to private foundations), to such trusts made necessary by the application of this paragraph. If, by the due date for the filing of an estate tax return (including any extension thereof), the interests in a charitable trust which, upon allowance of a deduction, would be described in section 4947(a)(1), or the interest passes directly to a person or for a use described in subsection (a), a deduction shall be allowed as if the governing instrument was amended or conformed under this paragraph. If the amendment or conformation of the governing instrument is made after the due date for the filing of the estate tax return (including any extension thereof), the deduction shall be allowed upon the filing of a timely claim for credit or refund (as provided for in section 6511) of an overpayment resulting from the application of this paragraph. In the case of a credit or refund as a result of an amendment or conformation made pursuant to this paragraph, no interest shall be allowed for the period prior to the expiration of the 180th day after the date on which the claim for credit or refund is filed.
[3] The relevant portions of Temporary Estate Tax Reg. 24.1(h)(1) read as follows:

if on or before the filing date of the estate tax return (including any extension thereof) 
. . . . .
(ii) Such interest passes directly to a person or for a use described in section 2055(a) (as, for example, by reason of the termination of an intervening interest), the governing instrument shall be treated as if it were amended or conformed pursuant to paragraph (a) of this section and a deduction shall be allowed.... A governing instrument treated as amended under this paragraph may not thereafter be amended. The provisions of this paragraph shall not apply if the requirements of subdivision (i) or (ii) of this paragraph (h)(1) are satisfied as a result of an amendment of a dispositive provision of the governing instrument occurring since the date of death of the decedent.
[4] The government also argues that plaintiff's case must fail because the court decree altered decedent's dispositive scheme in violation of Reg. 24.1(h)(1). Plaintiff argues this is a fact question that precludes the Court's granting the government's summary judgment motion. In light of the Court's holding that § 2055(e)(3) envisions only amendments in conformance with § 2055(e)(2)(A), the Court need not consider the government's additional contention or the plaintiff's response.
[5] Because plaintiff is not the prevailing party, his claim for attorneys' fees is without merit. 42 U.S.C. § 1988.